at the cost of the defendant in error, whose duty it was to put on record the essential jurisdictional facts.

If the requisite citizenship actually existed when the suit was started, and it is made to appear to the Circuit Court, it will be for that court to determine whether an amendment of the pleadings shall be allowed.

---

## In re GENERAL AUTOMOBILE & MFG. CO.

### THEOBALD v. HAMMOND.

(Circuit Court of Appeals, Sixth Circuit. December 9, 1904.)

#### No. 1,329.

1. BANKRUPTCY—DEBTS ENTITLED TO PRIORITY—MONEY BORROWED TO PAY LABOR CLAIMS.

The fact that money was borrowed by a bankrupt for the stated purpose of paying labor claims does not entitle the lender to be subrogated to the priority to which such claims would have been entitled in bankruptcy, where there was no agreement to that effect, or that the money should be so used.

Petition for Review of Proceedings of the District Court of the United States for the Eastern Division of the Northern District of Ohio, in Bankruptcy.

The following is the opinion of the District Court, by WING, District Judge:

In this case Jacob Theobald procured the loan of money to the bankrupt by furnishing the security upon which the loan was made. It was stated at the time by the agent of the bankrupt that it was the purpose of the bankrupt to use the money, or a portion thereof, in paying labor claims then due. There was no agreement between Theobald and the bankrupt that the money should be so used, nor was there an agreement between them that the security or priority incident to the labor claims should pass to Theobald and be operative in his favor. Theobald was under no obligation, in law, to advance this money, nor was it in any wise for his protection or interest that the claims were paid. I think the law is clear, under these circumstances, that Theobald cannot assert a priority, and could not have so asserted it in the receivership suit which was antecedent to the bankruptcy proceedings.

The finding of the referee is sustained and affirmed.

Smith & Taft, for appellant.

Treadway & Marlatt, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

PER CURIAM. The order denying a preference to the appellant is affirmed for the reasons stated in the opinion of WING, District Judge.