**Esther LACKS, Appellant,**

**v.**

**Jacob FRUMMER, Trustee in Bankruptcy of Rone Manufacturing Corp., Appellee.**

**No. 185, Docket 24240.**

United States Court of Appeals Second Circuit.

Argued Jan. 25, 1957.

Decided March 15, 1957.

Samuel Masia of Palmer, Masia & Palmer, New York City, for appellant.

Israel Halpert, New York City, (Robert J. Blum, New York City, on the brief), for trustee-appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The appellant urges that the Referee erred in reducing to $268.71 her claim for advances made to the bankrupt in the amount of $2,768.71. The reduction of $2,500 came about in the following way. In previous proceedings in the administration of the estate the Referee had found as a fact that certain merchandise had been given by the bankrupt to the appellant as security for the very advances for which she now claims. The appellant took no steps to obtain a review of that decision within the time allowed therefor by Section 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c. Indeed, on appeal we are pointed to no evidence which demonstrates that that prior finding was clearly erroneous. It follows that the appellant is bound thereby and, having sold for $2,500 the security for her claim, she must be deemed to have applied the proceeds to the reduction of the claim. As to this the Referee was plainly right.

The remaining $268.71 of the appellant's claim represents advances made to the bankrupt corporation to pay wage claims of its employees which had accrued within three months of bankruptcy. Of this sum $10.71 was advanced to the corporation which in turn paid it to employees. The remainder, $258, comprised direct payments by the appellant to the employees for the benefit of the corporation. No assignment of any wage claim was obtained from the employees. The wage claim priority requested for these advances was properly denied. Bell v. Arledge, 5 Cir., 192 F. 837; United Surety Co. v. Iowa Mfg. Co., 8 Cir., 179 F. 55, certiorari denied 217 U.S. 606, 30 S.Ct. 696, 54 L.Ed. 900; In re General Automobile & Mfg. Co., 6 Cir., 133 F. 525; Collier on Bankruptcy, 14th Ed., Vol. 3, p. 2098.

Nor was the appellant subrogated to the wage claims of employees because as a stockholder of the bankrupt she was secondarily liable for the wages due them by virtue of Section 71 of the New York Stock Corporation Law, McK. Consol.Laws, c. 59. A reading of the statute, which we set forth in the margin,* shows that it imposed stated conditions precedent to the liability of a stockholder. These had not been fulfilled. Indeed, when the appellant made her payments to the employees their services had not yet been terminated.

Thus the Referee was right also in denying priority to this portion of the appellant's claim.

Affirmed.

* "The stockholders of every stock corporation shall jointly and severally be personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable. An action therefor shall be commenced within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services."