**In re NEISNER BROTHERS, INC., Debtor.**

**Alexander FREEMAN et al., Claimants,**

v.

**NEISNER BROTHERS, INC., Debtor-Objector.**

**Bankruptcy No. 77 B 2836.**

United States Bankruptcy Court, S. D. New York.

April 14, 1981.

Hale & Dorr, Boston, Mass., for debtor-objector.

Milbank, Tweed, Hadley & McCloy, New York City, for claimants.

EDWARD J. RYAN, Bankruptcy Judge.

On December 1, 1977, Neisner Brothers, Inc. ("Neisner" or the "debtor") filed a petition in proceedings for an arrangement under Chapter XI of the Bankruptcy Act. On March 9, 1981, this court entered an "Order Denying Debtor's Objections to the Contested Portions of Claims Nos. 2386, 2960 and 5008", which order was immediately appealed by the debtor pursuant to Bankruptcy Rule 801. On the same day as debtor filed its notice of appeal, Neisner obtained an Order to Show Cause why a stay of the disbursements on the respective claims ought not be granted pending the appeal. The Order to Show Cause also temporarily restrained the disbursing agent, Harvey R. Miller, Esq., from distributing funds to the claimants under the order. A hearing on the issue of the stay was scheduled for March 18, 1981, and, subsequent thereto, memoranda were submitted by the respective parties.

Bankruptcy Rule 805 (the "Rule") is the operative rule concerning a stay pending appeal. The Rule provides, in pertinent part:

"A motion for a stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order

the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest."

■ A stay under Rule 805 is discretionary; in contrast to Rule 62(d) of the Federal Rules of Civil Procedure, Bankruptcy Rule 805 does not accord the appellant a stay pending appeal as of right upon the filing of a proper supersedeas bond.

■ The purpose of a stay pursuant to Bankruptcy Rule 805 is to preserve the status quo pending appeal and to protect the rights of all parties in interest. Contrary to the claimants' assertions, we do not believe that the standards governing Rule 62(c) of the Federal Rules of Civil Procedure ("F.R. Civ.P.") are applicable to a "normal stay pending appeal" pursuant to Rule 805. See, *In re American Training Services, Inc.*, 434 F.Supp. 988, 990 n.3 (D.N.J. 1977).

F.R.Civ.P. Rule 62(c) is concerned with an injunction pending appeal from an interlocutory or final judgment granting, dissolving, or denying an injunction. The standards for relief pursuant to F.R.Civ.P. Rule 62(c) are, not surprisingly, similar to the criteria necessary to procure injunctive relief in the first instance.

■ In the present case, the debtor-appellant is not in the position of one seeking injunctive relief pending an appeal, which relief had been explicitly denied below. See, *In re American Training Services, Inc.*, *supra*. Rather, Neisner is seeking a stay from an order of this court which denied the debtor's objections to certain claims and directed that disbursements be made on said claims. Such non-injunctive related relief does not require that any stricter standards be applied to an application for a stay pending appeal other than that of judicial discretion exercised to protect the rights of all parties in interest.

At the March 18, 1981 hearing, the debtor showed that the disbursing agent holds more than sufficient funds to pay the allowed claims (including the contested claim No. 5008) plus any interest due thereon.

On the other hand, the claimants' attorney was unable to report to this court as to the claimants' respective solvency and the possibility of retrieving the disbursements in the unlikely event that there be a reversal on appeal. Further, the court notes the general practice of the bankruptcy clerk's office to refrain from processing payment of claims during an appeal period.

In summary, the retention of the funds by the disbursing agent presents no threat to the claimants, but a disbursement at this time might, albeit improbably, cause harm to the debtor. Therefore, the motion for a stay pending appeal is granted. To alleviate the concern expressed by the parties' attorneys in correspondence, we reiterate that this discretionary stay applies only to the payment of monies by the disbursing agent pending appeal of this court's March 9, 1981 Order. The issues of the amount of the contested portion of claim No. 5008 and the claimants' entitlement to interest on the funds awarded by this court are independent of the matter of disbursements and are not affected by this stay pending appeal.

Settle an appropriate order.