**In re Charles E. RHOTEN, et ux., Debtors-appellees.**

**Third National Bank, Creditor-appellant.**

**Civ. A. No. 82–3940.**

United States District Court, M.D. Tennessee, Nashville Division.

Dec. 20, 1982.

On Motion to Stay Order Jan. 6, 1983.

Order of Remand Apr. 28, 1983.

Margaret L. Behm, Nashville, Tenn., for plaintiffs.

Richard Dance, Nashville, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDER

NEESE, Senior District Judge.

The respective debtors Mr. Charles E. Rhoton and Mrs. Marlene N. Rhoton petitioned for relief voluntarily on June 21, 1982 for relief under the Bankruptcy Act, 11 U.S.C., ch. 7, and elected to have their exemptions determined under 11 U.S.C. § 522(b)(1).[1] One of their creditors, the claimant Third National Bank, a holder of a claim against their respective estates, objected to such election.

---

1. " * * * Notwithstanding section 541 of this title [title 11 U.S.C.], an individual debtor may exempt from property of the estate * * *—

"(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize * * *.

11 U.S.C. § 522(b).

"(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition or for a longer portion of such 180-day period than in any other place * * *."

The Bankruptcy Court for the Middle District of Tennessee denied " * * * that part of the objection * * * in which [such] [c]reditor contends that the [d]ebtors, pursuant to 11 U.S.C. § 522(b) [*supra*], are only entitled to those exemptions as provided by Tennessee Code Annotated [§] 26–2–112, and may not claim the exemptions as provided in [11] U.S.C. § 522 * * *." Order of September 30, 1982 therein. This first appeal was taken timely on October 8, 1982 from that order, Rules Bankr.Proc., Rules 801, 802, 11 U.S.C., and notice thereof was given by such Court under date of October 14, 1982, Rules Bankr.Proc., Rule 804, 11 U.S.C.

The order of the Bankruptcy Court, being limited to the question of law encompassed within it, this Court is proscribed on this appeal from considering any factual issue, as urged by such aforenamed creditor-claimant, in advance of a pertinent finding by the Bankruptcy Court. *See In re Prindible,* 115 F.2d 21, 22[1–3], 44 Am.Bank.Rep. N.S. 366 (3d Cir.1940) (" * * * [S]ave for excepted instances statutorily prescribed, an appeal lies only from a final order, judgment, or decree. * * * And to be final,

the order, judgment, or decree *must be complete* as to all parties and *as to the whole subject matter therein involved.* [Emphases added by this writer]. *Collins v. Miller,* 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616; * * *. This requirement applies equally to action taken by a * * * bankruptcy [judge]. His final order or finding is a prerequisite to a petition for court review. * * * [A] judge is not required to answer questions in advance of action by the * * * [bankruptcy judge] * * * in respect thereto.")

" * * * 'It has always been the policy of Congress, both in general legislation and in bankruptcy acts, to recognize and give effect to the state exemption laws. * * *'" *Holden v. Stratton,* 198 U.S. 202, 213–214, 25 S.Ct. 656, 659, 49 L.Ed. 1018 (1905), cited and quoted from in *Meyer v. United States,* 375 U.S. 233, 239, 84 S.Ct. 318, 322, 11 L.Ed.2d 293 (1963). The exemption law of the state of Tennessee, where the debtors are domiciled, specifically does not authorize its citizens to exempt for the purposes of bankruptcy from the property of their estates property that is specified under 11 U.S.C. § 522(d).[2] T.C.A. § 26–2–112, *supra.*[3]

**2.** " * * * The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.

(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal family, or household use of the debtor or a dependent of the debtor.

(4) The debtor's aggregate interest, not to exceed $500 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

(6) The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

(7) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

(8) The debtor's aggregate interest, not to exceed in value $4,000 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

(9) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

(B) a veterans' benefit;

(C) a disability, illness, or unemployment benefit;

However, that statute, by which Tennessee "opted-out" legislatively of the scheme of federal exemptions which are enumerated in 11 U.S.C. § 522(d), *supra,* was invalidated by the Bankruptcy Court from which this appeal emanated on the predicate that it was violative of the Supremacy Clause, Constitution, Seventh Amendment, Clause 1, as conflicting with the federal bankruptcy statutes. *In re Rhodes,* 14 B.R. 629 (Bkrtcy.M.D.Tenn.1981)[4] ("[I]n enacting § 26–2–112 of the Tennessee Code Annotated to the General Assembly exceeded whatever authority that may have been granted it in 11 U.S.C. § 522(b)(1) since the scheme provided the citizens of this state by §§ 26–2–101, et seq., conflicts with the standards established by 11 U.S.C. § 522."); see *Free v. Bland,* 369 U.S. 663, 666, 82 S.Ct. 1089, 1092[5], 8 L.Ed.2d 180 (1962). Thus, thereunder, citizens of Tennessee continue to have the option of exempting property of their bankruptcy-estates pursuant to the allowance of the federal exemption statute, *supra.* The only federal Court of Appeals known to have considered the question[5] was " * * * not persuaded by the reasoning of the *Rhodes* court. * * *" *Matter of Sullivan,* 680 F.2d 1131, 1136 (7th Cir.1982) ("[T]he Rhodes *court* * * * appl[ied] a preemption analysis to a situation in which Congress has *specifically directed* [as in original] that a State can choose to declare section 522(d) inapplicable to its citizens. To apply a preemption analysis in this context is to ignore totally the explicit language of the section 522(d) opt-out provision.")

■ Before resolution of the instant first appeal, it appears that this Court should abstain from further proceedings herein un-

(D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependents of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

(11) The debtor's right to receive, or property that is traceable to—

(A) an award under a crime victim's reparation law;

(B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(D) a payment, not to exceed $7,500 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor."

11 U.S.C. § 522(d), *supra.*

3. " * * * The personal property exemptions as provided for in this part [title 26, ch. 2, part 1, T.C.A.], and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d). * * *" T.C.A. § 26–2–112, *supra; cf.* The New Bankruptcy Code, Part I: A Review of Some of the Significant Changes in Bankruptcy Law (Howard B. Pickard), 10 Mem.St.U.L.Rev. 177 (    ).

4. It is represented to this Court that *Rhodes, supra,* is pending at this time on appeal to the United States Court of Appeals for the Sixth Circuit.

5. There appears to have been no allusion to *Rhodes, supra,* in a subsequent decision from another Circuit. *Matter of McManus,* 681 F.2d 353 (5th Cir.1982), Bankruptcy Court decisions at 561.

til the appeal in *In re Rhodes, supra,* receives definitive treatment by the Court of Appeals for the Sixth Circuit. *See N.L.R.B. v. United Hatters, Cap & Millinery Wkrs. Int'l.,* 290 F.2d 591, 692 (6th Cir.1961) (where the issue on appeal was held in abeyance pending a decision of the Supreme Court of the United States on an identical issue as that pending before such Court of Appeals). Although it would be useful to have the benefit of the Supreme Court of Tennessee's interpretation of the validity of T.C.A. § 26–2–112, *supra,* as its own law, such construction thereof would not determine the necessity whether that state statute runs afoul of the federal Constitution. The Supreme Court of Tennessee itself recognizes that the Supreme Court of the United States is the final expounder of federal constitutional law, and that it is bound, as are all other courts of this land by such an exposition. *Bowman v. Henard,* 547 S.W.2d 527, 530[6] (Tenn.1977) ("The Supreme Courts of the respective states are bound * * * by decisions of the Supreme Court of the United States when that Court holds that a given course of conduct is unconstitutional under Federal Constitution * * *.")

Involved in the question under consideration is a policy of the state of Tennessee of substantial public import; " * * * in determining the policy of a state from its statutes and their construction, [federal courts] follow the opinion of the state court, *except as it may be affected by the federal Constitution* [emphasis added by this writer]. * * *" *Ex parte Worcester County Nat. Bank,* 279 U.S. 347, 359, 49 S.Ct. 368, 370[1], 73 L.Ed. 733 (1929). " * * * Abstention is * * * appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of the case than at bar. * * * It is enough that exercise of a federal review of the question in a case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. * * *" *Colorado River Water Conser. Dist. v. U.S.,* 424 U.S. 800,

814–815, 96 S.Ct. 1236, 1244–1245[11], 47 L.Ed.2d 483 (1976). That appears to be true here.

With this appeal in its present posture, there appears no reason to order specifically oral argument, local Rule 17(b); Rules Bankr.Proc.Rule 809, 11 U.S.C., before proceeding under the doctrine of abstention. This, despite the fact that the issue of abstention was not presented to the Bankruptcy Court below herein. *Cf. United States v. Dix Fork Coal Co.,* 692 F.2d 436 (6th Cir.1982).

This is because: " * * * The abstention doctrine is not an automatic rule applied whenever a federal court is faced with a doubtful issue of state law; it rather involves a discretionary exercise of a court's equity powers. Ascertainment of whether there exists the 'special circumstances,' *Propper v. Clark,* 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, prerequisite to its application must be made on a case-by-case basis. *Railroad Comm. v. Pullman Co.,* 312 U.S. 496, 500, 61 S.Ct. 643, 645, 85 L.Ed. 971; *NAACP v. Bennett,* 360 U.S. 471, 79 S.Ct. 1192, 3 L.Ed.2d 1375 * * *." *Baggett v. Bullitt,* 377 U.S. 360, 375, 84 S.Ct. 1316, 1324[9–11], 12 L.Ed.2d 377 (1964); cited by the undersigned in *Dodd v. Barnes,* 279 F.Supp. 291, (D.C.Tenn.1967) (where there was abstention and remission of litigants to the state courts). As stated, the issue on appeal herein is the identically same issue as that pending before our Court of Appeals in *In re Rhodes, supra,* so this is one of those cases in which final or further action should be reserved under the doctrine of abstention for further consideration, until at the minimum, our Court of Appeals has passed on the *In re Rhodes* case.

Accordingly, it hereby is so

ORDERED.

### On Motion To Stay Order

The creditor-appellant moved the Court to stay the order of the Bankruptcy Court herein of September 30, 1982 pending disposition of its appeal therefrom. Rules

Bankr.Pro., Rule 805, 11 U.S.C.* Such motion lacks merit.

■ In contrast to Rule 62(d), Federal Rules of Civil Procedure, a stay under Rule 805, *supra,* is discretionary; such latter rule does not accord the appellant a stay pending appeal as of right upon the filing of a supersedeas bond. *In re Neisner Bros., Inc.,* 10 B.R. 299, 300[1] (Bkrtcy.S.D.N.Y.1981); *In re Sung Hi Lim,* 7 B.R. 319, 322[3] (Bkrtcy.D.Haw.1980). " * * * While the power to stay enforcement of a judgment resides in the appellate courts as well as the trial courts, it is usually exercised by the trial court. * * * " *In re Wymer,* 5 B.R. 802, 807 (Bkrtcy.App. 9th Cir.1980). An application for such a stay must ordinarily be made in the first instance in the trial court. *Id.,* quoting from Rule 8, Federal Rules of Appellate Procedure and Rule 805, *supra.*

■ Where, as here, the trial court has considered and ruled on the request for a stay pending appeal, the role of the appellate court is limited; " * * * the appellate court simply determines whether the trial court abused its discretion." *Id.* This is so because:

\* \* \* \* \* \*

Any other rule would distort the delicate balance between trial and appellate levels and deny recognition of their respective roles, all to the detriment of the judicial system and of those it serves. Litigants are entitled to their day in court, and they are entitled to have the trial court's action reviewed but they are not entitled to a second trial or hearing, whether from another trial judge or from an appellate judge. This has not always

been true of bankruptcy court litigation; trials de novo by district judges sitting as appellate judges were not completely eliminated until recent years. A most salutory [sic: salutary] feature of the Federal Rules of Bankruptcy Procedure was its requirement that the reviewing court accept the bankruptcy judge's findings unless they are clearly erroneous. FRBP 810. It is just as important to the properly functioning bankruptcy court that the trial judge's rulings on stays pending appeals be disturbed only in the event of error or abuse of discretion.

\* \* \* \* \* \*

*Id.,* 5 B.R. at 808.

The creditor-appellant apparently does not contend that the bankruptcy judge abused his discretion in declining to stay his order pending this appeal, and such an abuse is not apparent from the record. In the order from which this appeal was taken the Bankruptcy Court followed its prior holding of *In re Rhodes,* 14 B.R. 629 (Bkrtcy.M.D.Tenn.1981); it is significant that, on direct appeal of that decision to the United States Court of Appeals for the Sixth Circuit, such appellate court did not grant a stay pending that appeal.

■ This Court is not convinced that the bankruptcy judge erred or abused his discretion in denying the application for a stay pending this appeal. Accordingly, the motion of the creditor-appellant for such a stay hereby is

DENIED.

## ORDER OF REMAND

The United States Court of Appeals for the Sixth Circuit, having determined that

---

* "A motion for a stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuance of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination

of relief granted by the referee, may be made to the district court, but the motion shall show why the relief, modification, or termination was not obtained from the referee. The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the referee. A trustee or receiver may be required to obtain a stay when taking an appeal. * * * " Rules Bankr. Pro., Rule 805, 11 U.S.C. The Bankruptcy Judge, of course, now performs the former functions of such referee.

Tennessee's "opt-out" statute, T.C.A. § 26–2–112, is constitutional, and having reversed the holding of *In re Rhodes,* 14 B.R. 629 (Bkrtcy.M.D.Tenn.1981), *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983), it hereby is ORDERED that the order of the bankruptcy judge herein of September 30, 1982 * is VACATED, and this action is

REMANDED to the bankruptcy court for further proceedings consistent with the opinion of the Court of Appeals in *Rhodes v. Stewart, supra.*

---

* In *Rhodes v. Stewart,* the appellate court expressly declined to venture an opinion " * * * upon bankruptcy courts' authority to exercise jurisdiction under [28 U.S.C.] § 1471 from June 28, 1982 until December 24, 1982, and, axiomatically, whether entries during this interim period should be afforded *de facto* validity upon appellate review. * * * " *Id.,* 705 F.2d at 161 n. 1. The decision of another panel of the same court, *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254, 258, (6th Cir.1983), indicates that the bankruptcy courts were vested with jurisdiction through December 24, 1982. ("the prospective-only provision in *Northern Pipeline* simply validates orders and dispositions by the bankruptcy courts which became final in the Bankruptcy Court as of December 24, 1982.")

(The 3-judge panel which decided *Rhodes v. Stewart* offered its following interpretation of *Northern Pipeline Const. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982): "Accordingly, a plurality of six justices concluded that the jurisdictional grant of § 1471 was unconstitutional *in toto* and could not be redeemed through division or severance of offending exercises of jurisdiction." *Rhodes v. Stewart,* 705 F.2d at 161 (citing *inter alia In re Cumberland Enterprises, Inc.,* 22 B.R. 626, 631 (Bkrtcy.M.D.Tenn.1983). Interestingly, however, such panel did not cite *White Motor Corp. v. Citibank, N.A., supra,* in which another panel had concluded that only § 1471(c) was ruled unconstitutional in *Northern Pipeline* and that §§ 1471(a) and (b) were unaffected.)