**In re Jorge L. Cebollero SANTINI and Marta T. Martir Cruz (a/k/a Marta Luisa) d/b/a Super Muebleria Cebollero, Debtors-Appellants.**

**Civ. No. 83–1229CC.**

United States District Court,
D. Puerto Rico.

May 11, 1984.

Charles A. Cuprill-Hernández, Ponce, P.R., for appellants.

Félix J. Montañez-Miranda, San Juan, P.R., for appellee.

## OPINION AND ORDER

CEREZO, District Judge.

This is an appeal from a Bankruptcy Court's order denying debtors-appellants' Motion to Alter, Amend or Reconsider brought pursuant to Rule 801 of the former Rules of Bankruptcy Procedure, now Rule 8001. The court refused to alter, amend or reconsider its previous ruling denying appellants' request for an extraordinary remedy under 11 U.S.C. Sec. 105, a statute which grants the court authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. A review of the record reveals that this appeal must be dismissed.

On August 6, 1980 debtors-appellants filed a voluntary petition in bankruptcy under Chapter 11 of the Code as debtors in possession.[1] Shortly thereafter, appellee Federal Deposit Insurance Corporation filed a proof of claim for a debt guaranteed by a mortgage over debtors-appellants' property. On October 31, 1981 debtors-appellants sold the mortgaged property to an entity unrelated to the bankruptcy proceedings named Corozal Management Leasing Corporation. In view of this sale, appellee filed a complaint in the Bankruptcy Court (Adversary 80–0263) requesting relief from the stay in order to foreclose the mortgage.

During a pretrial hearing held in that case on December 28, 1981 the parties agreed that the sale of a mortgaged property to a third party was tantamount to a lifting of the stay since the property ceased to form part of the estate. Nevertheless, debtors requested at that hearing that the court hold in abeyance any ruling on the matter for they were negotiating with Corozal Management Leasing Corporation the possibility of resolving the contract due to the buyer's failure to comply with the terms of the purchase agreement. Debtors-appellants allege that on January 12, 1982 they entered into a "rescision contract" with Corozal Management Leasing Corporation whereby the purchase agreement was canceled and debtors-appellants re-acquired the mortgaged property.[2] However, on January 21, 1982 the Bankruptcy Court granted appellee's request and lifted the automatic stay. Judgment was entered on January 28, 1982 and the debtors did not appeal or otherwise seek relief.

On April 8, 1982 debtors filed an application in bankruptcy case No. 80–00411 for relief under 11 U.S.C. Sec. 105 staying appellee from pursuing any further efforts to foreclose the property. They argued that Section 105 gave the court ample powers to protect the debtors and the estate and that, in view of the property's equity,[3] the court should reinstate the stay on the property which had returned to their possession. A hearing was held and an order issued on October 1, 1982 denying relief under Section 105 because "[t]he court was not convinced that a final judgment should now be vacated, long after it became final and unappealable, [by] rendering an order under Section 105." On October 12, 1982 debtors filed a Motion to Alter, Amend or Reconsider that October 1, 1982 order stating it had not been their intention in seeking a Section 105 stay to vacate the judgment in adversary 80–0263—which they recognized was a final and correct deci-

---

**1.** Case No. B–80–00411(A).

**2.** Debtors-appellants have offered no documentary evidence or other proof in support of this allegation.

**3.** Appellee's mortgage was for approximately $75,000.00. The property had been appraised by debtors at $150,000.00.

sion—but rather, that the court examine their arguments anew and enter another stay. They argued that as a matter of law the property was protected by the stay once the purchase agreement was rescinded or resolved since, pursuant to the laws of Puerto Rico the effect of a rescision is to return the contracting parties to their original pre-contract status. They contended that the mortgaged property either returned to its original status as property belonging to the estate and therefore covered by the automatic stay issued subsequent to the filing of the voluntary petition or it became property of the debtor which, pursuant to 11 U.S.C. Sec. 362(a)(5), would have also been protected by the automatic stay. On February 18, 1983 the bankruptcy court denied the Motion to Alter, Amend or Reconsider Order and a notice of appeal was filed. Debtors-appellants never appealed from the October 1, 1982 order denying the Section 105 relief.

In the meantime, while the Section 105 request was pending before the Bankruptcy Court and throughout the life of this appeal, appellee acted to enforce its lien. On April 23, 1982 it filed a foreclosure action in this Court (Civil No. 82–995(PG)) against debtors-appellants to execute the lien on the property. That action, however, was held in abeyance until the Bankruptcy Court ruled on the Section 105 motion. After that court's denial of the motion, the foreclosure proceedings continued and judgment was issued in favor of FDIC. The mortgaged property was sold during a third public sale to Jorge Cebollero Mártir for $60,000.00 and the sale was subsequently confirmed. Throughout the foreclosure proceedings debtors-appellants repeatedly requested a stay on account of the Motion to Alter, Amend or Reconsider Order and later based on this appeal. The court denied these requests. No efforts were made to obtain review of those denials or to appeal from the adverse judgment subsequently entered in the foreclosure case. The foreclosure and the public sale stood unchallenged.

In this appeal they now contend that the Bankruptcy Court erred in denying their Motion to Alter, Amend or Reconsider Order. However, the thrust of their argument rests on an analysis of the legal effects of the rescision or resolution of the purchase agreement rather than on the exercise of discretion by that court. For its part, appellee questions the procedure for obtaining review, the merits of the rescision analysis and claims that the foreclosure judgment has rendered moot any appeal which seeks reinstatement of a stay on a mortgage already foreclosed. The counter argument is that the proceeds of the public sale can be returned to the buyer and the property returned to debtors.

It is important to note that, according to their own notice of appeal, appellants seek review, not of the Bankruptcy Court's order of October 1, 1982 denying relief under Section 105 but of that court's order of February 18, 1983 denying their Motion to Alter, Amend or Reconsider that order. Although they fail to state the legal basis for their Motion to Alter, Amend or Reconsider, it was brought pursuant to former Bankruptcy Rule of Procedure 924, now Rule 9024.[4] This incorporates Rule 60, Federal Rules of Civil Procedure, which, as indicated by the Supreme Court in *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978), does not interrupt the period to appeal the order or judgment from which relief is sought and the appeal from an order denying such a motion calls for review only of the order of denial itself and not of the underlying judgment. *Id.* and *Pagán v. American Airlines, Inc.*, 534 F.2d 990, 992–93 (1st Cir.1971). Rule 60 is not a substitute for

---

4. Although debtors-appellants' choice of words for the title of the motion would appear to place it under Rule 59, Fed.R.Civ.P., the same cannot be properly considered as such for it seeks reconsideration of an order and not of a judgment as Rule 59 clearly requires. There has been no judgment entered regarding the order sought to be reconsidered nor is that order dispositive of the case in which it was issued. *See: Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811–812 (9th Cir.1981).

an appeal and motions based on it that seek only to attack an allegedly erroneous judgment that was not appealed are generally disfavored. *See: e.g. Willens v. University of Massachusetts,* 570 F.2d 403, 406 (1st Cir.1978) and *Pagán v. American Airlines.* Under the criteria of Rule 60(b) we find no grounds, nor have debtors-appellants advanced any, to conclude that it was an abuse of discretion to deny the request for a reconsideration of the October 1, 1982 Order. *See: In Re Imperial "400" National, Inc.,* 391 F.2d 163, 170–72 (3rd Cir. 1968).

 Likewise, even if we consider the Motion to Alter, Amend or Reconsider Order as a timely filed Rule 59 motion and even granting that an appeal from the denial of such a motion brings forth not only the propriety of the denial of the Motion to Alter, Amend or Reconsider but also of the order of October 1, 1982, no valid reasons exist to reverse the bankruptcy court's decision of that date denying Section 105 relief since all data relevant to the arguments made before the bankruptcy court on April 1982 was known to debtors-appellants before the judgment lifting the stay in adversary 80–263 was issued on January 21, 1982. Appellants have never explained why they waited until April 1982 to seek reinstatement of the stay. Although the court may have had the power to issue the requested stay pursuant to the provisions of 11 U.S.C. Sec. 105(a), it was also bound to follow principles of finality and res judicata. *See: In Re Shaw,* 16 B.R. 875 (1982); *A. Musto Co., Inc. v. Satran,* 477 F.Supp. 1175 (D.Mass.1979); *In Re MacFarland,* 17 B.R. 242, 245 (Bkrtcy.1982); *Matter of Property Management and Inv. Inc.,* 19 B.R. 202, 204 (Bkrtcy.1982) *cf.: Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982) (creditor bound by res judicata effects of bankruptcy court's denial of relief from stay notwithstanding error in procedure to obtain stay); *Lacks v. Frummer,* 242 F.2d 216 (2d Cir.1957) (find-

ing by Referee in previous proceedings which was not challenged through review was later binding).

Regardless of how debtors-appellants phrased their Section 105 request, its practical effects would have been to set aside a judgment which, by debtors-appellants' own statement,[5] was final and correctly decided. The bankruptcy court did not err when, upon balancing the parties' interests, it decided not to exercise its authority under the broad grant of Section 105(a). One must remember that in April 1982 when the stay was requested under Section 105(a) there were no new circumstances or new evidence other than what already existed before the judgment lifting the stay was entered in adversary 80–0263 on January 1982.

The fatal blow to this appeal came, however, when the foreclosure judgment in Civil No. 82–995 was executed. Appellants' failure to appeal that judgment makes an appeal of the bankruptcy court's denial of the request for an order reissuing a stay of foreclosure proceedings on that same property a futile affair. If debtors-appellants were allowed either of the two remedies proposed by them in their Answer to Motion of October 31, 1983, the Court would be ignoring well-established principles of res judicata and finality of suits as well as contributing to create a situation of disruptive confrontation for the plaintiff and the buyer in Civil No. 82–995 could seek orders protecting them from interference with their rights after judgment was legally executed.

The Bankruptcy Code and its Rules of Procedure contemplate a situation similar to ours. According to Section 363(m) of the Code and former Rule 805 of Bankruptcy Procedure if a sale is not stayed pending appeal, the appellant may not question a good faith purchasor of the property. The fact that the judicial sale was confirmed here by a federal district court instead of a bankruptcy court does not alter the sound

---

5. See debtors-appellants' Motion to Alter, Amend or Reconsider Order at paragraph 4, page 2.

reasoning underlying this provision. In the absence of allegations of fraud or other irregularities which could somehow taint the procedures leading to the public sale or of any other reason sufficient to annul them or the bankruptcy court's lifting the stay, there is no justification for disturbing these otherwise final adjudications. To do so would throw into pitiful disarray the findings of the district and the bankruptcy court via a collateral attack of a determination that was never properly appealed. For these reasons, the appeal is hereby DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.