**In re Charles E. SMOLDT and Darlene A. Smoldt, Debtors.**

**Bankruptcy No. 86–00891C.**
**Contested Nos. 690, 707.**
United States Bankruptcy Court, N.D. Iowa.

Nov. 14, 1986.

Dumbaugh & Childers, P.C., Cedar Rapids, Iowa, for debtors.

Donald F. Neiman, Des Moines, Iowa, and Donald C. Wilson, Eldora, Iowa, for movant/Bank.

FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER CONDITIONALLY GRANTING MOTION FOR STAY PENDING APPEAL

MICHAEL J. MELLOY, Bankruptcy Judge.

The matter before the Court is the Debtors' Motion for Stay Pending Appeal of the Court's Order of July 9, 1986, and Memorandum of July 15, 1986, granting relief from the automatic stay. This Court has jurisdiction pursuant to F.R.B.P. 8005, which provides a motion for stay pending appeal is ordinarily made in the first instance to the Bankruptcy Court.

Having reviewed the pleadings, testimony and exhibits, and briefs, the Court makes the following Findings and Conclusions pursuant to F.R.B.P. 7052.

### FINDINGS OF FACT

The relevant facts are essentially the same as those found in the Court's July 15, 1986 Memorandum.

Debtors' total debt to Hawkeye Bank and Trust of Grundy Center, Iowa (Bank) as of April 16, 1986 totalled $524,825.06. Securing the debt is a lien on all of the Debtors' crops and crop proceeds, and farm machinery and equipment. The value of the Debtors' crops and crop proceeds is $467,970.78 and the value of the farm machinery and equipment is $126,550.00.

As of July 15, 1986 the Debtors owed their landlords $87,655.00 in 1985 rent, and owed a farm supplier, who claimed a lien against the 1985 crop, approximately $27,000.00. An adversary complaint was filed to determine the lien priority as between the Bank, the landlords, and the farm supplier. The Bank, landlords and farm supplier have since settled their priority dispute and that adversary complaint has been dismissed.

Prior to the bankruptcy filing, the Bank had commenced a replevin action to foreclose its security interest in the Debtors' property. An Order of Replevin was entered, but the Bank's taking possession of the property was stayed by the filing of the Debtors' Chapter 11 petition.

In response to the Bank's motion for relief from stay, the Debtors made the following offer of adequate protection:

(a) The Debtors will grant a lien to Hawkeye in four pieces of real estate the Debtor proposes to retain as a part of his reorganization. This lien would be subject to prior mortgages as against each piece of real estate. The Court found that, based upon Debtors' Schedules, there was no equity in any of the parcels of real estate.

(b) That of the $467,970.78 of crop proceeds, the Debtors would pay over to Hawkeye the sum of $247,887.40, upon the condition that Hawkeye assume the rent obligations for 1985 in the sum of $87,655.00 and Hawkeye pay the amount due to the supplier for input costs in the approximate sum of $27,000.00. Debtors would require Hawkeye to waive any defenses it might have to the landlord's liens and supplier's liens being asserted by those creditors.

(c) The remaining crop proceeds would be deposited in banks owned by the Hawkeye Holding Company in interest bearing accounts. Interest earned on those accounts would be paid over to the Debtors. However, to the extent the Hawkeye Banks are able to reinvest those sums and generate a return in excess of the interest paid to the Debtors, Hawkeye Banks would receive the benefit of that "profit".

The Debtors plan to use the crop proceeds to fund their reorganized farming operation. The Bank would be granted a lien in the Debtors' 1987 crop and government farm programs as adequate protection for the use of those proceeds. The Debtors propose to begin making adequate protection payments to the Bank after the 1987 harvest.

The Court, for reasons stated in its July 15th Memorandum, found the Debtor's offer did not adequately protect the Bank and concluded that relief from the automatic stay was warranted.

Debtors' motion for stay pending appeal was filed July 21, 1986. Hearing was held September 29, 1986.

Debtors introduced their proposed Plan of Reorganization (Exh. C) which provides for payment to the Bank of an allowed secured claim of $454,436.00 with interest at 10 percent per annum beginning on or before December 31, 1987 and annually thereafter for 15 total installments. The Plan, apparently without alteration since the hearing, was filed and docketed on October 14, 1986.

Debtors also introduced cash flow projections for 1986 (Exh. B), 1987 (Exh. D), 1988 (Exh. E), and 1989 (Exh. F) and the testimony of an agricultural banker who reviewed the Plan and the cash flow projections and found them to be feasible and reasonable.

The Debtors request the Court grant a stay pending appeal without the posting of any bond. The Debtors have paid to the Bank all of the cash except $213,000.00. The Debtors argue that leaving that money on deposit until further Court order and properly caring for the farm machinery excuse the posting of any bond. The machinery is not currently being used but will be used in the 1987 crop year. Though there is no allegation the machinery is being neglected, a 10 percent depreciation in value through normal wear and tear is a very real possibility.

## DISCUSSION AND CONCLUSIONS OF LAW

The standards for reviewing a discretionary stay pending appeal are:

(1) the likelihood of success on the merits of the appeal;

(2) the injury suffered by the appellant in denying a stay;

(3) the injury to the appellee by granting a stay;

(4) the harm to the public interest.

*In re Anderson*, 50 B.R. 728, 733 (D.Neb. 1985); *In re Porter*, 54 B.R. 81, 82 (Bkrtcy. N.D.Ok.1985). The appellant must show satisfactory evidence on all four standards, though they need not be given equal weight. *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237, 239 (Bkrtcy.D.Mass.1985).

Applying these standards, the Court concludes a discretionary stay pending appeal is not warranted in this case. The Court concludes that the Debtors are unlikely to succeed on appeal given that the Debtors' inability to provide adequate protection was found as fact in the July 15th Memorandum. Concerning the injury to the public interest, the Court concludes that granting a stay pending appeal would eviscerate the Bankruptcy Code and undermine the clear intent of Congress by giving the Debtors what this Court denied them: use of the collateral, during the pendency of the appeal, without providing adequate protection to the Bank.

The Debtors assert the posting of a bond should be excused based upon the same offer of adequate protection the Court previously found to be inadequate. 11 U.S.C. § 362(e) requires a preliminary hearing on a creditor's motion to lift stay be held within 30 days of the filing of the motion and a final hearing within 30 days thereafter. This congressional mandate to promptly adjudicate stay litigation would be violated if a debtor who has lost in the bankruptcy court has the benefit of a stay pending the 3 to 9 month appeal period without being required to offer a creditor anything more than the protection this Court has already found to be inadequate.

However, the Court may grant a stay conditioned on the posting of a supersedeas bond even where a discretionary stay is not warranted. *In re Beck*, 26 B.R. 945, 947 (Bkrtcy.N.D.Ohio 1983). F.R.B.P. 8005 gives the Court authority to stay its order upon the filing of such a bond "on such terms as will protect the rights of all parties in interest".

The purpose of filing a supersedeas bond in a Bankruptcy Court is to indemnify the prevailing party in the original action against loss caused by an unsuccessful attempt to reverse the holding of the Bankruptcy Court on appeal.

*In re Henderson,* 57 B.R. 660, 661 (Bkrtcy. W.D.Va.1986). The term "supersedeas bond" traditionally describes a bond designed to secure the value of the judgment, not a bond that simply secures costs on appeal. *J. Perez & CIA., Inc. v. United States,* 747 F.2d 813, 815 (1st Cir.1984).

The proper standard for setting the amount of a supersedeas bond is that of former Federal Rule of Civil Procedure 73(d):

> The non-discretionary, matter-of-right stay requires a bond in sufficient amount to cover the unsatisfied judgment, costs on appeal, interest and damages for delay.

*In re Beck,* 26 B.R. at 948.

Since there is no money judgment to be stayed, the Court begins its calculation of the appropriate amount of the supersedeas bond with the value of the collateral the Bank would receive as of the date of hearing:

| | |
|---|---|
| $213,000.00 | cash |
| 107,425.00 | machinery and equipment |
| $320,425.00 | collateral value |

To that amount, the Court will add $2,000.00 as the costs of the appeal, and interest accruing on the allowed secured claim at the contract rate of 13 percent for one year, calculated to be $41,655.00.

| | |
|---|---|
| $320,425.00 | collateral value |
| 2,000.00 | appeal |
| 41,655.00 | interest |
| $364,080.00 | total |

From this total, which is the entire value of the Bank's interest which must be protected during the term of a reimposed stay, the Court will deduct the amount of the secured cash, which shall remain on deposit in an insured bank account and is at no risk of loss.

| | |
|---|---|
| $364,080.00 | total |
| −213,000.00 | cash |
| $151,080.00 | |

Further, the Court will give the Debtors credit on the value of the machinery and equipment, for excepting depreciation from ordinary use, these items will remain in the Debtors' care and are also at little, if any, risk of loss. The Court believes that 10 percent of the value of the machinery and equipment is a realistic figure for annual depreciation, and the Debtors will be credited for 90 percent of the value.

| | |
|---|---|
| $151,800.00 | |
| − 96,682.50 | 90% of the machinery/equipment value |
| $ 54,397.50 | |

Thus, the Court concludes that the Debtors shall post a cash or surety bond in an amount equal or greater to $54,397.50 within 10 days from the date of this Order. If such cash or bond is posted, a stay pending the appeal of this Court's order of July 9, 1986 shall be issued.

If no cash or bond is posted consistent with this Order, then no stay shall be issued by this Court.