In re CHARLES & LILLIAN BROWN'S HOTEL, INC., Debtor.

Bankruptcy No. 88–30415.

United States Bankruptcy Court, S.D. New York.

Nov. 22, 1988.

**50**

R. Steven Aceti, Trustee, Krolick and DeGraff, Albany, N.Y.

Philip Irwin Aaron, P.C., Jericho, N.Y., for The Rome Sav. Bank; Philip Irwin Aaron and Allan B. Mendelsohn, of counsel.

Jeffrey L. Solomon, New York City, for debtor.

Lawrence M. Klein, P.C., Newburgh, N.Y., for Creditors' Committee; Lawrence M. Klein, of counsel.

Donna Lieberman, Office of the United States Trustee, S.D.N.Y., New York City.

Angel & Frankel, P.C., New York City, for Joseph Aronow; Bruce Frankel, of counsel.

Javits, Robinson, Brog, Leinwand & Reich, P.C., New York City, for American Sav. and Loan Ass'n and Daniel Zager; Frederick B. Ringel, of counsel.

DECISION ON ORDER TO SHOW CAUSE BY CHAPTER 11 TRUSTEE TO STAY ROME SAVINGS BANK FROM PROCEEDING WITH FORE-CLOSURE SALE PENDING APPEAL

JEREMIAH E. BERK, Bankruptcy Judge.

This motion by the newly-appointed Chapter 11 Trustee, R. Steven Aceti ("Trustee"), brought on by order to show cause entered by Judge Schwartzberg, on November 10, 1988, seeks to stay Rome Savings Bank ("Rome") from proceeding with its mortgage foreclosure sale of the debtor's primary asset, its real property, pending appeal of an order entered August 16 by this court, on consent of the debtor, granting relief from the automatic stay.

Alternatively, the trustee asks this court to reconsider the August 16 Consent Order pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), made applicable herein by Federal Rule of Bankruptcy Procedure ("FRBP") 9024. The debtor, Creditors' Committee and certain other interested parties appeared in support of the Chapter 11 Trustee's motion at the hearing held November 18.

### I. FACTS

On July 19, 1988, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. A primary reason for the filing appears to have been the imminent foreclosure sale by Rome of its first mortgage position in the debtor's principal asset, its hotel. Rome is owed approximately $5.5 million by the debtor. The foreclosure proceeding was the culmination of more than one year of negotiations between Rome and the debtor.

On August 2, this court entered an order to show cause on application of Rome seeking relief from the automatic stay under Code § 362(d)(1) and prohibiting the debtor from continuing its unauthorized use of cash collateral pursuant to Code § 363(c)(2). On that same date, an order to show cause was entered on the debtor's application seeking authorization to use Rome's cash collateral. Both hearings were set for August 10.

One day prior to the return date of these motions, the debtor and Rome advised the court that the matters were settled and submitted an order to show cause to set a hearing on a proposed Consent Order intended to resolve both motions. This latest order to show cause was entered on August 9 pursuant to FRBP 4001(d), and a

hearing date of August 16 was set on expedited notice. All matters scheduled for hearing on August 10 were adjourned to August 16 as well.

The hearing on the proposed settlement between the debtor and Rome was held and concluded on August 16. Opposition by certain creditors was noted and testimony was taken. The settlement was approved pursuant to FRBP 4001(d), and a Consent Order was entered that day. Notice of appeal was filed on August 26 by Joseph Aronow, a shareholder and alleged creditor of the debtor.

On September 19 the Office of the United States Trustee for the Southern District of New York filed its motion for appointment of a Chapter 11 Trustee pursuant to Code § 1104(a)(1). Although the debtor initially opposed this motion at the several hearings held in connection therewith, the debtor capitulated and on October 27 an order was entered on its consent removing it from possession and directing the U.S. Trustee to appoint a trustee in the case.

The debtor's changed position regarding its opposition to the appointment of a Chapter 11 Trustee coincided with its decision to discharge its prior counsel and seek new counsel to represent it in the bankruptcy case. On October 28 this court entered an order authorizing the debtor to retain Jeffrey L. Solomon, Esq., as substitute counsel for the debtor.

After hearing held and concluded on November 4, an order was entered approving the selection of R. Steven Aceti as the Chapter 11 Trustee. Essentially, Mr. Aceti here seeks to stay the foreclosure sale to gain time in which to locate a buyer for the subject real property. A liquidating Chapter 11 plan is contemplated.

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 60(b).

Turning first to that part of the Trustee's motion seeking relief under FRCP 60(b), we note that we are unable to determine under what subdivision the Trustee moves. Neither the Trustee's supporting papers, nor his responses at the hearing held November 18, served to enlighten us.[1] However, the jurisdictional authority to entertain this motion is unclear.

The Trustee requests that this court reconsider or "change" the August 16 Consent Order which is presently under appeal before the District Court. The Supreme Court stated recently, "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982); *Leonhard v. U.S.,* 633 F.2d 599, 609–10, (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981) ("Once a proper appeal is taken, the district court may generally take action only in aid of the appeal or to correct clerical errors as allowed by the Federal Rules of Civil (or Criminal) Procedure.").

The "jurisdictional significance" of a pending appeal noted by the Supreme Court applies to bankruptcy courts as well.

> [T]he filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by such appeal. *In re Neuman,* 67 B.R. 99, 101 (S.D.N.Y.1986); *In re Emergency Beacon Corp.,* 58 B.R. 399, 402 (Bankr.S.D.N.Y.1986); *In re Overmyer,* 53 B.R. 952, 954 (Bankr.S.D.N.Y.1985); *In re Kendrick Equipment Corp.,* 60 B.R. 356, 358 (Bankr.W.D.Va. 1986); *In re Hardy,* 30 B.R. 109, 111 (Bankr.S.D.Ohio 1983). The divestment of jurisdiction is meant to preserve the integrity of the appellate process by avoiding the needless confusion which would assuredly flow from putting the same issue before two courts at once. *In re Emergency Beacon Corp., supra,*

---

**1.** At one point the trustee stated at the November 18 hearing that FRCP 60(b)(6) was the applicable provision, but in subsequent statements appeared to rely on FRCP 60(b)(1), i.e., that the debtor mistakenly consented to the August 16 Order granting Rome relief from the automatic stay.

58 B.R. at 402, *citing, 9 Moore's Federal Practice,* ¶ 203.11 (2d ed. 1985); *In re Kendrick,* 60 B.R. at 358; *Matter of Urban Development Ltd., Inc.,* 42 B.R. 741, 743–4 (Bankr.M.D.Fla.1984). *In re Wonder Corporation of America,* 81 B.R. 221, 224 (Bankr.D.Conn.1988); *In re Air Vermont, Inc.,* 47 B.R. 537 (Bankr.D. Vt.1985).

■ This divestiture of jurisdiction has been held to apply to motions pursuant to FRCP 60(b). The rule in this district is that the bankruptcy court lacks jurisdiction to reconsider an order appealed absent remand. *In re McLean Industries, Inc.,* 76 B.R. 291 (Bankr.S.D.N.Y.1987); *In re Crozier Bros., Inc.,* 60 B.R. 683 (Bankr.S.D.N. Y.1986); *In re Emergency Beacon Corp.,* 58 B.R. 399 (Bankr.S.D.N.Y.1986).

The only case cited by the Trustee pertaining to the relief here sought under FRCP 60(b) is *In re ASUSA, Inc.,* 47 B.R. 928 (S.D.N.Y.1985). This case does not address the bankruptcy court's jurisdiction of a motion pursuant to FRCP 60(b) to reconsider an order subject to a perfected appeal. The debtor's cited authority of *In re Lebanon Steel Foundry,* 48 B.R. 520 (Bankr.M.D.Pa.1985) likewise does not address this issue.

This court finds that the debtor's sole authority purportedly establishing the jurisdictional predicate is not controlling. *Wayne United Gas Co. v. Owens–Illinois Glass Co.,* 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937) contains broad language which would appear to support such authority. For example, after noting that the bankruptcy court is a "court of equity," the Supreme Court observed that a "court of equity may grant a rehearing, and vacate, alter, or amend its decree, after an appeal has been perfected and after the time for appeal has expired...." *Id.* at 136, 57 S.Ct. at 385.

The *Wayne* case, however, predates the Supreme Court's promulgation of the Federal Rules of Civil Procedure in 1938. The problem of finality was "carefully considered" by the drafters of FRCP 60(b), 7 *Moore's Federal Practice* ¶ 60.09 at 60–65 (2d ed.1987); the rule is not "a substitute for appeal." *Id.* at ¶ 60.18[8] at 60–140. Rather, as Moore explains:

During the pendency of an appeal, clerical mistakes in a judgment may be corrected by the district court, pursuant to Rule 60(a), "before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

The traditional rule is that when an appeal is taken from the district court, the latter court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court. As a result, the district court is without power to grant relief under Rule 60(b), whether the motion is made prior to or after the appeal is taken, except with permission of the appellate court.

*Id.* at ¶ 60.30[2] at 60–331–32.

Although some circuits may follow other procedures, the Second Circuit generally "adheres to the traditional jurisdictional rule." *Id.* at 60–336.

■ Accordingly, that part of the trustee's motion under FRCP 60(b) seeking reconsideration of the August 16 Consent Order is denied for this court's lack of jurisdiction to entertain such motion in light of the pending appeal.

B. Federal Bankruptcy Rules of Procedure 8005 and 7062.

Regarding the second prong of the trustee's instant motion, we first express concern over the lack of stated authority in support of this motion. Southern District of New York Local Bankruptcy Rule 13(e) provides that "[a]ny motion that is based on rules or statutes ... shall specify the rules or statutes on which it is predicated" and empowers the court to "strike the motion from the calendar" if the motion lacks such specification. Nevertheless, we fully appreciate movant's limited tenure in this case and the critical time pressure under which he has had to perform. Thus, movant was permitted to orally amplify the authority for this part of his motion during

the hearing. Nevertheless, we cannot ignore movant's failure to meet his burden of proof under this part of the motion.

■ It appears that movant seeks a stay pending appeal of the August 16 Consent Order.[2] Although the debtor in its supporting papers interpreted the Trustee's motion as one seeking the reimposition of the automatic stay under the court's equitable powers pursuant to Bankruptcy Code § 105(a), the Trustee agreed that the applicable authority is FRBP 8005 and FRBP 7062.

FRBP 8005 provides in relevant part:

Notwithstanding Rule 7062 ..., the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FRBP 7062 makes FRCP 62 applicable to the stay of proceedings to enforce a judgment, but states that an order granting relief from the automatic stay provided by Code § 362 is an additional exception to FRCP 62(a). In general, a stay is "available as of right, subject only to the condition that a satisfactory bond be filed." 9 *Moore's Federal Practice* ¶ 208.02 at 8–5 (2d ed. 1988). FRCP 62(a), however, lists certain exceptions to this as-of-right stay. Therefore, pursuant to FRCP 62(c), made applicable by FRBP 7062, the granting of a stay of an order permitting relief from the automatic stay is discretionary.

■ The Trustee is no doubt cognizant that an appellee is "fully within its legal rights in disposing of property pursuant to a court order," unless there is a stay of the order pending appeal. Grippando, *Circuit Court Review of Orders on Stays Pending Bankruptcy Appeals to U.S. District Courts or Appellate Panels*, 62 Am.Bankr. L.J. 353, 353 n. 3 (1988); *e.g., In re Weath-*

*ersfield Farms, Inc.*, 34 B.R. 435 (Bankr.D. Vt.1983) (absent order staying dismissal of Chapter 11 case, automatic stay terminated upon dismissal of case and mortgagee could proceed with foreclosure action notwithstanding debtor's appeal of dismissal order). Thus, he moves here as a "party in interest" under FRBP 8005 to stay the foreclosure sale by Rome.

We note the critical role a stay pending appeal plays, not only in maintaining the status quo, but in preserving the right to a review on the merits. The stay pending appeal sought in this matter, nevertheless, is discretionary. *In re Rhoten*, 31 B.R. 572, 577 (M.D.Tenn.1982); *In re Neisner Bros., Inc.*, 10 B.R. 299 (Bankr.S.D.N.Y. 1981).

To obtain such relief under FRBP 8005 the movant must establish the following:

(1) a strong likelihood of success on the merits of the appeal;

(2) whether the movant will suffer irreparable injury if the stay is denied;

(3) Whether substantial harm will be suffered by other parties if the stay is granted; and,

(4) the harm to the public interest, if implicated.

*Sandra Cotton, Inc. v. Bank of New York*, 64 B.R. 262 (W.D.N.Y.1986); *In re The Charter Co.*, 72 B.R. 70 (Bankr.M.D.Fla. 1987); *In re Smoldt*, 68 B.R. 533 (Bankr.N. D.Iowa 1986); *In re VVF Communications Corp.*, 41 B.R. 546 (Bankr.D.C.1984); *In re Candor Diamond Corp.*, 26 B.R. 844 (Bankr.S.D.N.Y.1983); *In re East Redley Corp.*, 20 B.R. 612 (Bankr.E.D.Pa.1982); *In re Tolco Properties, Inc.*, 6 B.R. 490 (Bankr.E.D.Va.1980); *In re Parr*, 1 B.R. 453 (Bankr.E.D.N.Y.1979). All four criteria must be satisfied by the movant before relief under FRBP 8005 can be granted. *In re The Charter Co.*, 72 B.R. at 71; *In re VVF Communications Corp.*, 41 B.R. at 550; *In re Candor Diamond Corp.*, 26 B.R. at 847. Movant must show "satisfac-

---

**2.** It should be noted that the Trustee is neither the appellant nor the appellee in the pending appeal of the August 16 Consent Order. Nor has he filed a motion for leave to intervene in the appeal before the district court. It is unclear whether the Trustee has standing to make a motion for a stay pending appeal. However, the language of FRBP 8005 may acknowledge such standing if the purpose of the stay is to give the Trustee, as a party in interest, time to apply for leave to intervene in the pending appeal.

tory" evidence on all four criteria. *In re Smoldt,* 68 B.R. at 535.

Here, movant failed to offer any proof in support of the four criteria, other than by his "Affidavit as to Immediate and Irreparable Inquiry [sic]" filed in support of his motion. As to the first, the likelihood of success on the merits, we conclude that it is not likely that the Trustee would succeed on either substantive or procedural grounds. The Trustee presented nothing to persuade this court that it erred in entering the Consent Order. Indeed, the only argument offered pertaining to this prong of the four-part test was in the nature of changed circumstances and possible ineptitude of debtor's prior counsel. It should be noted that the consent order was entered after an evidentiary hearing. Further, case law exists holding that a successor trustee may be bound by the previous acts of a debtor in possession. *In re Southland Supply, Inc.,* 657 F.2d 1076, 1080 (9th Cir.1981) (a trustee "is bound by the previous acts of ... the debtor in possession"); *In re Tandem Group, Inc.,* 61 B.R. 738, 741 (Bankr.C.D.Ca.1986).

The Trustee's affidavit only addresses the second and not the third prong of the four-part test under FRBP 8005. His affidavit lacks the clear and satisfactory evidence that is required under FRBP 8005. As to harm to the public interest, the fourth criterion, the Trustee presented nothing nor did address whether or not it is implicated by this motion.

C. General Equity Powers of the Court and Code § 105(a).

Code § 105(a) authorizes the court to issue any "order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. As the codification of the bankruptcy court's traditional equity powers, *In re Amtol Corp.,* 57 B.R. 724, 726 (Bankr.N.D.Ohio 1986), Code § 105(a) is an "omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case." 2 *Collier on Bankruptcy* ¶ 105.01 at 105–01 (15th ed. 1988).

The bankruptcy court's powers under this provision, however, "are not without limits, and must be applied consistently with the Code and the Rules." *Id.* at ¶ 105.04 at 105–15. Code § 105(a) does not create substantive rights otherwise unavailable or grant the bankruptcy court an "unrestricted license to do equity." *In re Packers' Cold Storage, Inc.,* 64 B.R. 265, 267 (Bankr.C.D.Cal.1986); *Southern Railway Co. v. Johnson Bronze Co.,* 758 F.2d 137, 141 (3d Cir.1985); *In re Pennsylvania Peer Review Organization, Inc.,* 50 B.R. 640, 647 (Bankr.M.D.Pa.1985). Rather, this section merely empowers the court to implement the substantive provisions of the Bankruptcy Code and Rules. *Matter of Pan American School of Travel, Inc.,* 47 B.R. 242, 244 (Bankr.S.D.N.Y.1985) (court notes "impropriety of generally employing this omnibus section in derogation of the limitations of specific rules").

Furthermore, the court's utilization of its powers under Code § 105(a) is discretionary. *E.E.O.C. v. Rath Packing Co.,* 787 F.2d 318, 325 (8th Cir.1986), *cert. denied,* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed. 2d 282 (1987). This judicial discretion is limited, and must be "carefully honed in light of the facts of the case, applicable precedent and appropriate policy." *In re Lion Capital Group,* 44 B.R. 690, 701 (Bankr.S.D.N.Y.1984) ("The issuance of a stay by any court of equity requires a showing of serious, if not irreparable injury and a tipping of the balance of the equities in favor of the party seeking the stay.").

The bankruptcy court's authority under Code § 105(a) is "broader" than the automatic stay provisions of Code § 362. *In re Baldwin–United Corp. Litigation,* 765 F.2d 343, 348 (2d Cir.1985). To this end, Code § 105(a) has been held to empower the bankruptcy court to continue the stay after the automatic stay period has run under Code § 362(e). *In re Medical Plaza Associates, Ltd.,* 67 B.R. 879 (W.D. Mo.1986); *In re Wheeling–Pittsburgh Steel Corp.,* 67 B.R. 735 (W.D.Pa.1986); *Bank Hapoalim B.M. v. E.L.I., Ltd.,* 42

B.R. 376 (N.D.Ill.1986). And, where "conditions are appropriate," the bankruptcy court may reinstitute the automatic stay. *In re Prime, Inc.*, 26 B.R. 556, 559 (Bankr. W.D.Mo.1983). The "essential consideration" in granting such relief is a "balancing of the interests of debtors and creditors in light of the purposes of the Code." *Id.* In addition, we are "also bound to follow principles of finality and *res judicata*." *In re Santini*, 40 B.R. 240, 243 (D.P.R.1984).

Here, we find no basis to invoke the general equity powers under Code § 105(a) to stay an order of this court properly entered, particularly where the order was entered on consent in settlement of a pending controversy. Although the court does possess "inherent equitable power" to set aside its orders approving a settlement, generally this power will not be exercised unless the parties can be restored to the positions they occupied before they entered into the stipulation. *In re American Resources Management Corp.*, 51 B.R. 713, 717 n. 7 (Bankr.W.D.Pa.1985). At the November 18 hearing, the debtor, by its counsel, stated it could not cure the defaults under the August 16 Consent Order. This court does not see why it should ignore this failure by the debtor to adhere to the stipulation and yet prevent the other party from exercising its rights pursuant to the consent order.

### III.  CONCLUSIONS OF LAW

1.  This court has jurisdiction as to that part of the Trustee's motion brought under FRBP 8005 pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.  This court lacks jurisdiction as to that part of the motion seeking relief under FRCP 60(b).

3.  The Trustee has failed to sustain his burden under FRBP 8005.

4.  Accordingly, the Trustee's motion is denied.

IT IS SO ORDERED.