**In re Thomas Wesley HENDERSON, Ida Irene Henderson, Debtors.**

**Bankruptcy Nos. 79–0034–A, 79–0097–A.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Feb. 10, 1986.

James E. Nunley, C. Adrian White, Jo S. Widener, Bristol, Va., for debtors.

Gillespie, Chambers, Altizer, Givens & Walk, Tazewell, Va., for Ashland Finance Co.

J. Glenwood Strickler, Roanoke, Va., trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court is whether Ashland Finance Company and its surety should be released from liability and obligation on a bond.

The Debtor, Thomas W. Henderson, filed a Chapter XI petition in this Court on February 1, 1979, later converted to Chapter XIII and his wife, Ida I. Henderson, was added as a co-debtor.

On October 13, 1983, 40 B.R. 561, this Court entered judgment in favor of the Hendersons against Ashland Finance Company ("Ashland") in the sum of $28,500.00. Ashland timely noted its appeal to the United States District Court for the Western District of Virginia. Ashland also moved this Court to stay execution of the judgment pending appeal. By Order of this Court entered December 28, 1983, Ashland's motion for stay was granted, "conditioned, however, upon Ashland Finance Company posting good and sufficient bond approved by the Clerk of this Court with corporate surety in the penalty of $50,-000.00 which shall secure the payment of any judgment and/or costs which may

hereafter be assessed pursuant to said appeal ..."

On appeal, the District Court has now reversed the judgment of this Court and entered judgment in favor of Ashland in the sum of $46,835.00 plus interest. The Debtors have appealed the decision of the District Court to the United States Court of Appeals for the Fourth Circuit.

In light of the District Court's judgment in its favor, Ashland has moved this Court to relieve Ashland and its surety, St. Paul Fire and Marine Insurance Company, from any further responsibility on the bond previously posted to secure payment of the judgment rendered in this Court. This relief will save additional premium expense and Ashland asserts further that it now has judgment in its favor as reason for granting the motion.

■ *Rule* 8005 [1] of the *Federal Rules of Bankruptcy Procedure* empowers the Bankruptcy Court to grant a stay of an Order upon the posting of a supersedeas bond "upon such terms as will protect the rights of all parties in interest." The requirement of a supersedeas bond is supported by the traditional equity practice in federal courts. *In re Pine Lake Village Apartment Co.*, 21 B.R. 395, 398 (Bankr.S. D.N.Y.1982). The purpose of filing a supersedeas bond in a Bankruptcy Court is to indemnify the party prevailing in the original action against loss caused by an unsuccessful attempt to reverse the holding of the Bankruptcy Court on appeal. *Matter of Theatre Holding Corp.*, 22 B.R. 884, 885 (Bankr.S.D.N.Y.1982); *Crane v. Buckley*,

---

1. *"Rule* 8005. *Stay Pending Appeal.*

A motion for a stay of the judgment, order, or decree of a bankruptcy court, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance in the bankruptcy court. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, *the bankruptcy court may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.* A motion for such relief, or for modification or termination of relief granted by the bankruptcy court, may

be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy court. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. When an appeal is taken by a trustee, a bond or other appropriate security may be required, but when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States a bond or other security shall not be required." (emphasis added)

**662**

203 U.S. 441, 27 S.Ct. 56, 51 L.Ed. 260 (1903). The decision of the Bankruptcy Judge concerning the need for and appropriate amount of the bond is entitled to great weight. *In re Wymer*, 5 B.R. 802 (Bankr.App. 9th Cir.1980); *In re Pine Lake Village, supra*, at 398.

▋ Counsel have been unable to provide this Court with any cases in support of their position as requested. In reviewing the relevant case law concerning supersedeas bonds and *Rule* 8005, this Court has found no reported cases regarding release of the bond. *Rule* 8005 is adopted from *Rule 8, Federal Rules of Appellate Procedure.* The requirement of such bond is not mandatory but, apparently, rests in the sound discretion of the court. *See* 16, *Federal Practice and Procedure* (Miller, etc.), § 3953 (n. 1). Here, as in other cases, the bond may be required to protect an appellee's favorable judgment against appellant. However, given that the purpose of a supersedeas bond is to protect the appellee against loss on appeal, there appears to be no reason to require the bond to continue in this case. The Debtors do not now have a favorable judgment to protect if stayed. As an appellant, Ashland was successful in its appeal in the District Court. The decision of this Court granting judgment in favor of the Hendersons being reversed, there no longer exists an interest of the Hendersons to protect against loss. Having served its purpose, there is no rationale for requiring the bond to continue.

We are mindful of the appeal of the District Court's judgment to the United States Court of Appeals for the Fourth Circuit. The possibility exists that the District Court will be reversed and judgment ultimately entered in favor of the Hendersons. However, the appeal to the Fourth Circuit was taken by the Hendersons, not by Ashland. In the interim, we see no reason to require Ashland and its surety, St. Paul Fire and Marine Insurance Company, to continue paying surety premiums when it is the Debtors who have continued the litigation. Indeed, where respondent appeals from a reversal of the judgment by the intermediate court, he may be required to file undertaking. *See* 4A *C.J.S. Appeal & Error*, § 510, citing *Rooney v. Rice*, 7 N.E.2d 713, 273 N.Y. 600.

Accordingly, it is

ADJUDGED and ORDERED

that Ashland Finance Company and its surety be forthwith released from the bond requirements and continued payment of the surety premiums thereunder.