**In re ROSE'S STORES, INC., Debtor.**

**ROSE'S STORES, INC., Appellant/Plaintiff,**

v.

**SAUL SUBSIDIARY I, L.P., I.R.E. Real Estate Inv., Inc., Salisbury Associates, Ltd., and Salisbury Mall, Ltd., Appellees/Defendants.**

**No. 5:96–CV–898–BO.**

United States District Court, E.D. North Carolina, Western Division.

Jan. 4, 1998.

William G. Berggren, Smith, Debnam, Hibbert & Pahl, Raleigh, NC, for Plaintiff.

Jean Winborne Boyles, Raleigh, NC, David M. Schilli, Robinson, Bradshaw & Hinson, Charlotte, NC, for Defendants.

## ORDER

BOYLE, Chief Judge.

This matter if before the Court on Motion for Stay Pending Appeal filed by appellant Rose's Stores, Inc. ("Rose's"). By its motion, Rose's seeks to stay execution of this Court's October 20, 1997 Order that reversed the bankruptcy court's judgment for Rose's and granted summary judgment in favor of Saul Subsidiary I, L.P., I.R.E. Real Estate Inv., Inc., Salisbury Associates, Ltd., and Salisbury Mall, Ltd. (collectively "appellees" or "Landlords") pending Rose's appeal to the Fourth Circuit Court of Appeals. Incident to the stay, Rose's urges this Court to require the cash and surety bonds previously deposited by appellees with the clerk of the bankruptcy court to either remain in place pending Rose's appeal or be transferred to this Court.

A Court may issue a Stay Pending Appeal if convinced that: (1) the stay applicant is likely to succeed on the merits on appeal; (2) the applicant will suffer irreparable injury absent entry of the stay; (3) the stay will not substantially injure the other parties to the proceeding; and (4) it is in the public interest to grant the stay. *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

It is not at all clear that Rose's is likely to succeed on the merits on appeal. That other courts have adopted an "accrual" method when considering "post-petition, pre-rejection" obligations of debtors as opposed to a "billing date" method provides no jurisprudential forecast as to the outcome of Rose's appeal to the Fourth Circuit. Nor is this Court convinced that Rose's will suffer irreparable injury absent a stay. That the Landlords will recover funds previously deposited in interest-bearing accounts pending their appeal from bankruptcy court does not foreclose Rose's from later obtaining judgment liens against the Landlords' assets if successful on appeal. Rose's has proffered no evidence that the Landlords would be unable to satisfy any foreseeable liens imposed upon them at that time. On the other hand, what is clear to this Court is that issuing the stay would substantially injure the Landlords by depriving them of the use of their own money during the pendency of Rose's appeal and compelling those who posted surety bonds to continue paying premiums during an appeal initiated by its adversary. Consideration of these factors militates against issuing a stay.

Moreover, contrary to what Rose's contends, the appellant who is moving for the stay is the party obligated to post a bond, not the appellee. *See* Fed.R.Civ.P. 62(d). This rule, reflecting traditional equity notions, purports to protect appellees "against loss caused by an unsuccessful attempt to reverse the holding of the bankruptcy court on appeal." *In re Henderson,* 57 B.R. 660, 661–662 (Bankr.W.D.Va.1986) (citing *Matter of Theatre Holding Corp.,* 22 B.R. 884, 885 (Bankr.S.D.N.Y.1982)). Rose's, as the appellant, seeks to have the appellees' previously posted bonds remain in place pending its own appeal. Its request convolutes the letter and spirit of Rule 62(d) and cannot be endorsed

by this Court. Accordingly, Rose's Motion is DENIED.

SO ORDERED.