**In the Matter of BALDWIN UNITED CORPORATION, D.H. Baldwin Company, et al., Debtors.**

**Bankruptcy No. 1–83–02495.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 29, 1984.

See also, Bkrtcy., 45 B.R. 382.

Linda Smith, Robert White, Los Angeles, Cal., Attorneys for debtors.

Thomas B. Anderson, Jr., Freytag, La-Force, Rubenstein & Teofan, Dallas, Tex., for movant Linda Garner.

Eric Wallach, New York City, for movant Henry Shroder Bank.

Booth, Marcus & Pierce, Peter Wolfson, New York City, for movant Common Stockholders Committee.

## ORDER DENYING MOTIONS FOR A STAY PENDING APPEAL

RANDALL J. NEWSOME, Bankruptcy Judge.

This Chapter 11 contested matter is before the Court pursuant to the motions of Linda Garner, Arkansas Receiver, J. Henry Schroder Bank and Trust Company, and the Common Stockholders' Committee ("Movants") for a stay pending appeal under Bankruptcy Rules 8005 and 7062.

These motions follow this Court's October 19, 1984 Order granting the Debtors' motion to dispose of certain partnership interests and for an order authorizing the compromise of certain claims. 43 B.R. 888 (Ohio 1984).

■ The standard for determining a motion for a stay pending appeal is essentially the same as the standard for granting a preliminary injunction. The movants must clearly establish each of the following:

1. A likelihood that the parties seeking the stay will prevail on the merits of the appeal;

2. The movants will suffer irreparable injury unless the stay is granted;

3. Other parties will suffer no substantial harm if the stay is granted;

4. The public interest will not be harmed if the stay is granted.

*See, e.g., Roe v. Ferguson,* 389 F.Supp. 393, 394 (S.D.Ohio 1974); *In re Beck,* 26 B.R. 945 (Bankr.N.D.Ohio 1983).

■ We find and conclude that the movants here have failed to meet this stringent burden of proof. As to the first element, the movants have consistently and repeatedly argued that the disposition of Debtors' Class 2 limited partnership interest in Central Colorado Company, which comprises approximately 40% of the Debtors' assets, may only be consummated by way of a plan of reorganization, and not pursuant to 11 U.S.C. § 363(b). They cite *In re Braniff Airways, Inc.,* 700 F.2d 935 (5th Cir.1983) and *In re White Motor Credit Corp.,* 14 B.R. 584 (Bankr.N.D.Ohio 1981) as if those cases established a *per se* rule outlawing dispositions of this size under § 363(b).

■ Without belaboring what we have already said in our decision on the merits, we find the movants' contentions to be devoid of merit. While our decision stands on all fours with *In re Lionel Corporation,* 722 F.2d 1063 (2d Cir.1983), it is also consistent with the principles set forth in *Braniff.* To the extent that *White Motor* requires a showing of emergency circumstances as a prerequisite to a sale under § 363(b), we join the U.S. Court of Appeals for the Second Circuit in disagreeing with that holding. We note, however, that the same circumstances which led to the decision in *Braniff* were also present in *White Motor,* i.e., a sale of all or substantially all of the assets of the debtors resulting in a *de facto* reorganization. Such was not the case in *Lionel,* nor is it the case here.

Based upon our reexamination of the facts and the law, we find that the movants have failed to make a sufficient showing that they will succeed on appeal.

■ More importantly, we cannot perceive any irreparable injury which movants will suffer if the stay is not granted. Movants assert that under § 363(m), the validity of dispositions is not affected by reversal or modification of the Bankruptcy Court's order on appeal, and that only a stay will prevent their appeal from being moot.

In essence, they suggest that the operation of § 363(m) will cause them irreparable harm, an assertion better addressed to Congress than this Court. If we were to accept this argument, then *every* order allowing a use, sale, or lease of property under § 363(b) should be stayed pending appeal, a result clearly contrary to the purpose of § 363(m).

We believe that something more is required to establish irreparable harm, but

nothing more has been presented by the movants. Indeed, we have never received a cogent explanation of how this sale will harm them. Their principal argument against this sale is that it constitutes just one more step in the Debtors' program to liquidate all of their assets to a "pot of cash" to be distributed among the creditors.

It is this concern, rather than any specific concerns regarding the Ameritrust transaction, which seems to have propelled the movants' assault on this disposition. While the "pot of cash" argument may have merit, the time for addressing it has not yet arrived. Certainly this transaction will not lead inexorably to the result feared by the movants.

Whatever harm which the movants will incur if a stay is not imposed is far outweighed by the harm which will befall the Debtors if a stay is imposed. It is uncontroverted that the Ameritrust transaction must close by December 31, 1984. The movants' rather glib assertion that their appeals can be heard and decided within the next sixty days is thoroughly untenable, particularly in light of the complexity of this matter and the overwhelming dockets of the United States District Court for the Southern District of Ohio, and the United States Court of Appeals for the Sixth Circuit. A more reasonable estimate for obtaining a final appellate ruling on this matter would be six months to two years. Such a delay would result in the collapse of the Ameritrust transaction, the rekindling of the *First Chicago* and *Fifth Third* disputes, an indefinite delay in developing a plan of reorganization, and a real threat to the Debtors' ability to survive.

Because of the size of the debtors and the number of creditors and shareholders involved, it is apparent that the harm to the Debtors flowing from the requested stay would also have an adverse impact upon the public interest.

For all of the reasons cited above, the motions for a stay pending appeal are hereby DENIED.

IT IS SO ORDERED.