In re The CHARTER COMPANY, et al., Debtors.

Bankruptcy Nos. 84–289–BK–J–GP through 84–332–BK–J–GP and 85–1033–BK–J–GP.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 20, 1987.

---

Stephen D. Busey, Jacksonville, Fla., for debtors.

Howard J. Sedran, Philadelphia, Pa., for Dioxin Claimants.

Benjamin C. Ackerly, Richmond, Va., for Syntex.

## ORDER DENYING MOTION FOR A STAY PENDING APPEAL

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter is before the Court on the amended motion of Syntex Corporation, Syntex (U.S.A.) Inc., Syntex Laboratories, Inc., and Syntex Agribusiness, Inc. (collectively, "Syntex"), pursuant to Rule 8005, Bankruptcy Rules, for the issuance of a stay pending Syntex's appeal from this Court's order entered January 16, 1987 (the "Order Authorizing Compromise"), authorizing The Charter Company, Charter Oil Company and Charter International Oil Company (collectively, the "Debtors"), to compromise claims of certain dioxin claimants (the "Dioxin Claimants"). In the alternative, Syntex requests, pursuant to Rule 8005, that this Court enjoin the Debtors from making any payment to the Dioxin Claimants pursuant to those parties' settlement agreement (the "Settlement Agreement") until the conclusion of Syntex's appeal. The Court denies Syntex's motion for a stay for the following reasons:

1. In order to obtain a stay pending an appeal from a Bankruptcy Court order, or other injunctive relief pursuant to Rule 8005, the movant must clearly establish (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circum-

stances where the public interest is implicated, that issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest. *Matter of Baldwin United Corp.*, 45 B.R. 385, 386 (Bankr.S.D.Ohio 1984). The movant has the burden of proving each of those four elements. *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237, 239 (Bkrtcy.D.Mass.1985). The Court, however, may accord certain of those elements greater weight than others according to the circumstances involved in a particular request for a stay. *Id.*

■ 2. The Court finds that Syntex has failed to prove that it is likely to prevail on the merits of its appeal from the Order Authorizing Compromise. That Order was entered on the Debtors' motion (the "Motion") pursuant to Rule 9019, Bankruptcy Rules, for authority to compromise the claims of the Dioxin Claimants. Under Rule 9019, the Court has discretion to authorize the compromise of a claim if that compromise is (i) in the best interests of the debtor, its estate and its creditors, and (ii) is not attended by fraud or other inequitable circumstances which shock the conscience of the Court. At the hearing on the Motion the evidence overwhelmingly demonstrated that the proposed compromise between the Debtors and the Dioxin Claimants was in the best interests of the Debtors, their estates and their creditors. By that compromise the Debtors avoided the inherent risks involved in litigation with the Dioxin Claimants and avoided the substantial cost which they would have incurred in defending that litigation. The Settlement Agreement provides for the settlement of the Dioxin Claimants' claims, which are alleged to total approximately $10 billion, for a small fraction of that total. Furthermore, the Debtors' compromise with the Dioxin Claimants was material to the confirmation of the Debtors' joint plan of reorganization and the continued progress of these chapter 11 proceedings. Finally, the Court found that the Settlement Agreement was attended by no fraud or other inequity. The Court having carefully considered its previous Order Authorizing Compromise and the findings based upon which that Order was entered, finds that it is unlikely that Syntex will prevail in its appeal from that Order.

■ 3. The Court also finds that Syntex has failed to prove that it will suffer irreparable injury if a stay pending appeal is not granted. In this regard, Syntex argues primarily that consummation of the Settlement Agreement during the pendency of Syntex's appeal may render that appeal moot. That argument, however, is insufficient by itself to establish irreparable injury. *Matter of Baldwin United Corp., supra; In re Great Barrington Fair and Amusement, Inc., supra* at 240. Syntex has made no other showing which would satisfy its burden of proving irreparable injury.

■ 4. The Court further finds that other parties will suffer substantial harm if a stay pending appeal is granted. The Debtors and other creditors in these proceedings will suffer substantial harm because the Debtors' inability to consummate the Settlement Agreement may impede consummation of the Debtors' joint plan of reorganization. The Dioxin Claimants will also suffer substantial harm as a result of a stay because of the resulting delay in their receipt of settlement funds under the Settlement Agreement.

■ 5. The Court finds that Syntex's motion for a stay does not significantly implicate the public interest and therefore the Court makes no findings regarding the effect of a stay on the public interest.

Based on the foregoing findings of fact and conclusions of law, it is

ORDERED and ADJUDGED that Syntex's motion pursuant to Bankruptcy Rule 8005 for a stay pending appeal or in the alternative for other injunctive relief be, and the same is hereby, denied.