**In re ASHEVILLE BUILDING ASSOCIATES, a Texas Limited Partnership, Debtor.**

**Bankruptcy No. A–B–88–10261.**

United States Bankruptcy Court,
W.D. North Carolina.

Sept. 8, 1988.

Larry K. Hercules, Dallas, Tex., for Asheville Bldg. Associates.

Joseph U. Schorer, Mayer, Brown & Platt, Chicago, Ill., for Carlyle Real Estate Limited Partnership—VIII and JMB Property Management Co.

James Gary Rowe, Asheville, N.C., for Carlyle Real Estate Ltd. Partnership—VIII.

ORDER DENYING STAY
PENDING APPEAL

GEORGE R. HODGES, Bankruptcy Judge.

This matter is before the court on the debtor's motion for a stay of the court's August 31, 1988 Order pending its appeal. That Order granted a secured creditor, Carlyle Real Estate Partnership VIII ("Carlyle") modification of the automatic stay [*] in order to proceed with a foreclosure and sale of the debtor's sole asset, the Northwestern Bank Building ("the building") in Asheville, North Carolina. The court has concluded that the motion should be denied.

The standard by which a motion for stay of an order pending appeal is to be judged was stated by the Fourth Circuit in *Long v. Robinson*, 432 F.2d 1977 (4th Cir. 1970):

Briefly stated, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not

---

[*] It is worth noting that orders granting relief from the automatic stay are exempt even from the automatic ten-day stay of enforcement of a judgment contained in Fed.R.Civ.Pro. Rule 62(a) subject to the court's authority to impose such a stay. *See* Bankruptcy Rules 7062 and 8005.

be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

*Id.* at 979. This standard has been generally accepted by other courts as well, *See, Federal Prac. and Proc.* § 2904 at 316 and n. 37. Consideration of these factors on the present motion for a stay requires denial of the motion.

### (1) *Probability of Success on Appeal*

It appears that the debtor's probability of success on appeal is not substantial. The primary thrust of the debtor's motion appears to be that the court erred in relying on Carlyle's expert appraiser's testimony about the value of the building. The court heard and observed the testimony of Carlyle's appraiser, including the cross-examination by the debtor, together with the evidence of value offered by the debtor. After considering all of that, the court simply was convinced by Carlyle's appraiser's testimony that his valuation was correct. The court has considered all of the evidence again and remains convinced that the valuation was correct. Further, the court's prior Order considered the best evidence of the value of the building to be the recent offer to purchase the building. Nothing in the debtor's present motion causes the court to doubt the propriety of its August 31, 1988 Order.

### (2) *Irreparable Injury to the Moving Party*

The debtor will not be irreparably injured by denial of the stay because there are several avenues of relief available to the debtor, and because the only possible injury alleged is a monetary one. Of course, the debtor has the right to seek an expedited appeal by the District Court. In addition, the debtor may protect the building's alleged value by bidding at a foreclosure sale itself or by producing potential bidders at the sale. It also has the protection of the upset bid period and the court's order that any foreclosure sale be subject to review by the court. Finally, until the building is foreclosed and sold by Carlyle, the debtor can sell the building itself (subject to court approval). Moreover, the only in-jury alleged by the debtor is a purely monetary one which by its nature is not irreparable.

### (3) *Harm to the Prevailing Party*

Staying the court's August 31 Order would be inappropriate in the circumstances of this case. That Order granted relief from the automatic stay. To stay that Order would be to deny Carlyle the very relief to which the court determined it is entitled. Further, the debtor filed its bankruptcy petition on February 22, 1988—the very day that Carlyle had scheduled its foreclosure sale. The debtor then had the benefit of the § 362 automatic stay until the August 31 Order modified the stay to permit the foreclosure to proceed. During the six months that the debtor had the benefit of the stay it made no significant effort to develop a plan of reorganization or arrange to sell the building. In fact, the evidence showed no action whatsoever by the debtor in this regard until after Carlyle filed its motion for relief from the stay—five months after the debtor filed its bankruptcy petition. Further, the debtor has demonstrated no realistic ability to perform in the future any better than it has in the past. In these circumstances, to stay the August 31 Order would force Carlyle to sit idly by while the amount it was owed—by an insolvent debtor—increased by over $50,000.00 per month.

### (4) *Public Interest*

There appears to be no significant public interest in staying the August 31 Order.

Based upon the foregoing considerations, the court concludes that the debtor's motion for stay pending appeal should be denied.

It is therefore **ORDERED** that the debtor's Motion for Stay of Order Pending Appeal is hereby **denied.**