**In re Frederick Ernest KENT, Debtor.**

**Bankruptcy No. 91–21445–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Oct. 9, 1991.

Fred W. Palmore, III, Mays & Valentine, Richmond, Va., for The Chase Manhattan Bank, N.A.

George H. Heilig, Jr., Heilig, McKenry, Fraim & Lollar, Norfolk, Va., for Sawyer Sav. Bank.

Carl E. Eason, Jr., Pretlow, Eason & Pretlow, Suffolk, Va., for debtor.

Debera F. Conlon, Norfolk, Va., Asst. U.S. trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter comes before the court upon debtor's motion for stay pending appeal of this court's dismissal of the debtor's chapter 11 case pursuant to 11 U.S.C. § 1112. For the reasons stated in this memorandum opinion, the debtor's motion will be denied.

### Findings of Fact

The debtor initially filed a voluntary chapter 11 petition on March 13, 1990. The petition was filed on the eve of a scheduled foreclosure sale against real property located in Lake Hill, New York, which debtor owns jointly with his wife. Chase Manhattan Bank, N.A. ("Chase"), holder of a first lien on a portion of the property and a second lien on the remainder, filed a motion to dismiss the initial case. The court granted Chase's motion, finding that there was no reasonable likelihood of successful reorganization. Following dismissal of the initial case a second foreclosure sale was scheduled on March 12, 1991. However, on March 11, 1991 the foreclosure was again stayed by the debtor's filing of a second chapter 11 petition. On August 16, 1991, this court entered an order dismissing the debtor's most recent chapter 11 case with prejudice on the grounds that reorganization remains objectively futile and that the case had been filed in bad faith. Additionally, since it was the second time that the debtor had filed a chapter 11 case on the eve of foreclosure the court enjoined the debtor from filing another bankruptcy petition for a period of 180 days.

Debtor has now appealed this court's most recent dismissal ruling and filed the present motion for stay of order pending appeal on September 27, 1991. Debtor argues that his appeal will become moot if the order is not stayed, as a foreclosure sale is scheduled to be held in one week. Additionally, he alleges that the creditor will suffer no harm as the result of a stay.

### Conclusions of Law

The Fourth Circuit has adopted the well established four-prong standard by which a

motion for stay of an order pending appeal is to be judged. *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970); *In re Tolco Properties, Inc.,* 6 B.R. 490 (Bankr.E.D.Va. 1980); *In re Asheville Bldg. Associates,* 93 B.R. 918 (Bankr.W.D.N.C.1988); *see also* Federal Prac. and Proc. § 2904 at 316 and n. 37. The standard requires that:

> [A] party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by the stay.

As a general rule, these factors are to be treated as interests to be considered and balanced in deciding whether to grant a stay rather than as absolute prerequisites for a stay. *In re Charter Co.,* 72 B.R. 70, 72 (Bankr.M.D.Fla.1987). Nevertheless, after considering these four factors this court concludes it must deny the debtors motion.

### (1) Likelihood of success on appeal

This court's findings of fact must be sustained on appeal unless they are determined to be "clearly erroneous." The debtor's sole argument in avoiding dismissal of the chapter 11 case centered around the proposed sale of his real property to a famous artist in exchange for paintings to be named later. Nothing new has been raised to cast doubt on the court's dismissal ruling. The proposed sale for a clearly speculative value would have left the secured creditors inadequately protected as protected in contravention of 11 U.S.C. § 1129(b)(2)(A)(ii). Additionally, the proposed sale would not allow Chase the opportunity to credit bid the amount of its claim as provided in 11 U.S.C. § 363(k). Therefore, the court would not have confirmed a plan of liquidation under 11 U.S.C. § 1129(b) over the objections of creditors. Finally, the fact that the debtor filed his second chapter 11 petition on the eve of foreclosure without alleging any relevant change of circumstances from the time of the court's previous dismissal led this court to conclude that the filing was in bad faith. In short, this court can only conclude that the debtor cannot meet this factor of the test as to the order of August 16, 1991.

### (2) Irreparable injury to the debtor

The debtor's sole allegation of irreparable injury is that foreclosure will render his appeal moot. This is not sufficient, by itself, to establish irreparable injury. *In re Dakota Rail, Inc.,* 111 B.R. 818 (Bankr. D.Minn.1990) (citing *In re Charter Co.,* 72 B.R. at 72). As this court has found no equity in the property and no likelihood that a confirmable plan will be presented, debtor has nothing to lose.

### (3) Substantial harm to other parties

Inherent in this court's order enjoining the debtor from filing additional bankruptcy petitions for 180 days is a finding that the secured creditors of the subject property should suffer no further delays in foreclosure. To stay that order would be to deny the very relief granted. These creditors have been forced to sit and wait for eighteen months while real estate taxes, interest, penalties and fees have continued to accrue to their detriment. Any further delay would increase the already substantial harm that has been suffered.

### (4) Public Interest

Finally, the debtor has alleged no "public interest" which would be served by the court's granting a stay. This court has determined that the debtor filed its second chapter 11 petition in bad faith. The debtor has failed to show otherwise. Thus, it would appear to be in the "public interest" to deny the motion for stay.

Based on the foregoing considerations, the court concludes that the debtor's motion for stay of order pending appeal should be denied.