85 F.3d 630
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Alexander J. VIGH.
Alexander J. VIGH, Debtor-Appellant,
v.
Robert YATES, Ellen Yates, and Therese Vigh, Appellees.
 Nos. 95-3165, 95-3194.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS, District Judge.[1]
 PER CURIAM.
 
 
 1
 Dr. Alexander Vigh ("Dr. Vigh") filed a voluntary Chapter 11 bankruptcy petition on October 27, 1993. He had two major creditors in interest: Robert and Ellen Yates ("the Yateses"), who had recovered a $10 million judgment against Dr. Vigh arising out of a prior automobile accident; and Therese Vigh ("Mrs. Vigh"), his former spouse who had a pending action against Dr. Vigh in the Hamilton County Domestic Relations Court for a division of property. Dr. Vigh listed assets in excess of $4 million.
 
 
 2
 Dr. Vigh's attorney filed a plan of reorganization that was unacceptable to the Yateses and Mrs. Vigh. After his attorney withdrew, Dr. Vigh took charge of the case himself. He attempted to negotiate a second plan with the Yateses by making payments over ten to fifteen years from his orthodontics practice. The Yateses and Mrs. Vigh rejected Dr. Vigh's proposal and subsequently filed a Joint Plan of Reorganization ("the plan"). Under the plan, immediate distributions would be given to Mrs. Vigh ($1.8 million) and the Yateses ($1.56 million); Dr. Vigh would retain $1.02 million and his dental practice. This plan was confirmed by the bankruptcy court over Dr. Vigh's objections.
 
 
 3
 Dr. Vigh appeals to this court, pro se, claiming that he was wrongly denied a jury trial at his bankruptcy hearing, that the plan approved by the bankruptcy court was flawed, that he was entitled to a stay of distribution pending appeal, and that his debts to the Yateses had been discharged. For the following reasons, this court affirms.
 
 I.
 
 4
 Dr. Vigh alleges that he was denied his right to a jury trial by the bankruptcy court. Whether bankruptcy courts may conduct jury trials has been debated in the courts. See In re Baker & Getty Financial Servs., Inc., 954 F.2d 1169, 1172-73 (6th Cir.1992) (noting split in circuits). This circuit has joined the majority position that bankruptcy courts are not authorized to conduct jury trials. Id. While the Bankruptcy Reform Act of 1994 authorizes bankruptcy judges to conduct jury trials, such jurisdiction is granted only if "specially designated" by the district court and "with the express consent of all the parties," 28 U.S.C. § 157(e), conditions that were not met in this case.
 
 II.
 
 5
 Dr. Vigh contests the legality of the plan approved by the bankruptcy court. Under a Chapter 11 plan, each class of creditors is entitled to receive property of a value not less than it would receive in a Chapter 7 liquidation. 11 U.S.C. § 1129(a)(7)(A). The Yateses and Mrs. Vigh were within their rights to reject Dr. Vigh's plan and file their own Joint Plan of Reorganization. 11 U.S.C. § 1126(c).
 
 
 6
 Dr. Vigh does not allude to any concrete defects in the plan. A liquidation plan is permissible in a Chapter 11 case. See In re Sandy Ridge, 881 F.2d 1346, 1352 (5th Cir.1989) ("[A]lthough Chapter 11 is titled 'Reorganization,' a plan may result in the liquidation of the debtor."). While Dr. Vigh alleged that the Yateses did not negotiate in good faith, as is contemplated by a Chapter 11 filing, his evidence amounts to little more than complaints that the Yateses did not accept his "money-making" scheme for repayment. Moreover, Dr. Vigh never submitted any evidence to support his allegation that Mrs. Vigh may not have agreed to the Yates' plan. Consequently, this court does not find any defect in the substance of the plan or in the proceedings that resulted in approval of the plan.
 
 III.
 
 7
 Dr. Vigh contests the refusal by the bankruptcy court and the district court to stay the distribution of his assets pending appeal. The district court cited the appropriate factors governing the issuance of a stay: whether the applicant has made a strong showing of likelihood of success on the merits; whether the applicant will suffer irreparable harm absent a stay; whether a stay will injure other parties interested in the proceeding; and whether the public interest will be harmed if the stay is granted. See In re Baldwin United Corp., 45 B.R. 385, 386 (Bankr.S.D.Ohio 1984). Dr. Vigh has made no showing of a likelihood of success. His argument that the bankruptcy proceedings were defective is without merit. He made only vague references to "irreparable harm." A stay would further delay distribution to the creditors. There is no public interest in granting Dr. Vigh a stay of the distribution. Dr. Vigh himself initiated these bankruptcy proceedings. He has not made the requisite showing to earn a stay or a temporary restraining order from the courts to preclude distribution under the plan. Thus, the bankruptcy court and the district court were correct in denying Dr. Vigh's motion for a stay or temporary restraining order.
 
 IV.
 
 8
 Dr. Vigh asserts that as a matter of "commercial law," his debt to the Yateses was discharged because he tendered payment to the Yateses through their insurance company with a $10 million bogus money order drawn on the Mount Calvary Fund. That Dr. Vigh continues to rely on this fraudulent $10 million money order is incredulous. The solicitor of this fund has been indicted and convicted of state and federal charges for soliciting debtors to pay off their debts with worthless money orders drawn from the Mount Calvary Fund. Dr. Vigh's appeal on this ground is devoid of merit.
 
 V.
 
 9
 Dr. Vigh alleges procedural errors in his attempt to appeal. First, Dr. Vigh claims that the captions to his appeals should not include Mrs. Vigh as an adversary party. Because Mrs. Vigh is obviously an interested party to the distribution, and she has not issued any such objection, this is a frivolous issue.
 
 
 10
 Dr. Vigh's complaint that he was not permitted to appear as counsel in some of his court proceedings is also without merit. He was never denied a hearing in court; rather, he objects to his status as pro se rather than as a "trader-at-law," as he fashions himself. There is no evidence that Dr. Vigh has been trained in the law. The courts below were correct in permitting Dr. Vigh to proceed pro se rather than as legal counsel.
 
 
 11
 Finally, Dr. Vigh contends that his appeals should not have been consolidated. In that both appeals in the district court were disposed of in a single order, this court properly consolidated the appeals.
 
 VI.
 
 12
 Mrs. Vigh argues that because most of the property under the plan has been transferred, Dr. Vigh's appeals concerning the reorganization are moot. While there is no reason to doubt Mrs. Vigh's contentions that the property in question has been transferred, thereby effecting a "substantial consummation" of the distribution, there is no indication in the "record that [Mrs. Vigh's] claims of substantial consummation are clearly established. Before refusing to consider these appeals on the merits because of consummation which has occurred, some hearing and development of a record would be required, with more delay." Ohio v. Madeline Marie Nursing Homes No. 1 & No. 2, 694 F.2d 449, 464 (6th Cir.1982) (quoting In re King Resources Co., 651 F.2d 1326, 1332 (10th Cir.1980)). In that the merits of Dr. Vigh's appeal can be reached without prejudicing the creditors, this court does not reach the issue of whether the case should be dismissed due to mootness.
 
 
 13
 For the reasons stated herein, this court DENIES all motions and appeals raised by Dr. Vigh.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation