In re **SUNFLOWER RACING, INC.,** doing business as **The Woodlands, Debtor.**

**SUNFLOWER RACING, INC.,** doing business as **The Woodlands, and Hollywood Park, Inc., Appellants,**

v.

**MID–CONTINENT RACING & GAMING CO. I;** Mid–Continent Racing & Gaming Co. II; Mid–Continent Racing & Gaming Co. III; Bank Midwest, N.A.; FCLT Loans, L.P.; Kansas Racing and Gaming Commission; and Eric C. Rajala, Chapter 7 Trustee, Appellees.

No. 98–2258–EEO.
Bankruptcy No. 96–21187–11.

United States District Court,
D. Kansas.

July 31, 1998.

Jan M. Hamilton, Hamilton, Peterson & Keeshan, Topeka, KS, F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for appellants.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Thomas R. Franklin, Media/Professional Insurance, Inc., Kansas City, MO, Thomas M. Franklin, Wehrman & Colantuono, L.L.C., Kansas City, MO, for Mid–Continent Racing & Gaming Co. I, Mid–Continent Racing & Gaming Co. II and Mid–Continent Racing & Gaming Co. III.

Laurence M. Frazen, Bryan Cave LLP, Kansas City, MO, Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Bank Midwest, N.A.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for FCLT Loans, L.P.

F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for In re Sunflower Racing, Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of Sunflower Racing, Inc., doing business as The Woodlands ("Debtor"), and Hollywood Park, Inc., ("Hollywood Park") to reconsider the court's June 19, 1998 Memorandum and Order (Doc. # 12). After careful consideration of the parties' briefs, the court is prepared to rule. As an initial matter, the court finds that oral argument would not be of material assistance in resolving the instant motion. Accordingly, Appellants' request for oral argument is denied. For the reasons set forth below, the court will deny Appellants' motion to reconsider.

The factual background of this matter is set forth in the court's June 19 Order at pages 2 through 4 and is incorporated by reference.

*Standards For Motions To Reconsider*

■■■ A motion for reconsideration is the opportunity for the court to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law. *See Cross Timbers Oil Co. v. Rosel Energy, Inc.,* 168 F.R.D. 649, 650 (D.Kan. 1996) (citing *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981)). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. *See Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co., Inc. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been raised in the first instance, or to rehash arguments previously considered and rejected by the court. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *See Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990), *aff'd,* 948 F.2d 1529 (10th Cir. 1991). The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

*Analysis*

### I. Likelihood Of Success.

■■■ The court previously held that Appellants cannot likely show either that (1) the bankruptcy court erred by not taking evidence at the conversion hearing or giving the Appellants abbreviated notice of the hearing or (2) any such error was prejudicial. In their motion for reconsideration, Appellants reassert their argument that an evidentiary hearing was necessary in this case. The court explained in its prior order that "a full evidentiary hearing on a conversion or dis-

missal motion is unnecessary when an adequate factual record already is before the bankruptcy court." June 19 Order at 6; *see A. Illum Hansen v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.)*, 749 F.2d 146, 150 (2d Cir.1984), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985); *Kates v. Mazzocone (In re Mazzocone)*, 180 B.R. 782, 785–86 (E.D.Pa.1995); *Coones v. Mutual Life Ins. Co. of N.Y.*, 168 B.R. 247, 258 (D.Wyo.1994), *aff'd*, 56 F.3d 77, 1995 WL 316153 (10th Cir.1995). Appellants failed to cite any authority in its emergency motion for the proposition that an evidentiary hearing was required in this case. As noted above, Appellants' failure to present its strongest case in the first instance is not grounds for reconsideration. Moreover, the authorities cited by Appellants in their motion for reconsideration do not address the necessity of an evidentiary hearing when a case is converted pursuant to 11 U.S.C. §§ 1112(b)(2), (3), or (5). Finally, Appellants concede that a bankruptcy court is not required to hold an evidentiary hearing for all motions to convert. Indeed, for cases converted pursuant to 11 U.S.C. §§ 1112(b)(2), (3), and (5), an evidentiary hearing often will be unnecessary because of the bankruptcy court's familiarity with the history of the case. For the above reasons and those stated in our June 19 Order, the court concludes that Appellants have failed to show that they are likely to establish that the bankruptcy court erred by not taking evidence at the conversion hearing.

Appellants also argue that they adequately established that any alleged procedural error by the bankruptcy court was prejudicial. Appellants contend that "had the Bankruptcy Court allowed Debtor and Hollywood a meaningful opportunity to present competent evidence, that evidence would have revealed that no grounds to convert the case existed." Appellants' Joint Motion at 2; *see id.* at 2–3 (asserting that Appellants believe "they could have presented competent evidence to refute all grounds for conversion asserted by the Creditor Group," and that they believe "the result of the hearing would most certainly have been different" with an evidentiary hearing). Appellants did not cite what evidence they would have presented at the hearing in their emergency motion. Now, Appellants contend they would have presented specific evidence on each ground cited by the bankruptcy court for conversion. The court notes that all of the "evidence" cited by Appellants with respect to 11 U.S.C. §§ 1112(b)(2), (3), and (5), is merely legal argument, was presented to Judge Flannagan at the conversion hearing, and is, in large part, inconsistent with the authorities cited by the Creditor Group in their opposition memorandum. *See, e.g., Lumber Exch. Bldg. Ltd. Partnership v. Mutual Life Ins. Co. of N.Y. (In re Lumber Exch. Bldg. Ltd. Partnership)*, 968 F.2d 647, 650 (8th Cir. 1992); *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (Matter of Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir.1991); *In re Winslow*, 123 B.R. 641, 646 (D.Colo.1991); *Koerner v. Colonial Bank (Matter of Koerner)*, 800 F.2d 1358, 1367–68 (5th Cir.1986). The issue at this point of the instant action is whether Appellants are likely to succeed on the merits of their appeal. In the absence of any authority in support of Appellants' conclusion that conversion was inappropriate under 11 U.S.C. §§ 1112(b)(2), (3), and (5), and in light of the authorities cited by Appellees, we must conclude that Appellants are unlikely to prevail.[1]

## II. Potential Of Harm To Appellants Without Stay.

■ Appellants argue that they are harmed without a stay because the result of their appeal may be meaningless if Mr. Rajala, the Chapter 7 trustee, sells the Debtor's assets in the near future. In their motion for reconsideration, Appellants cite two authorities for this proposition. *See In re St. Johnsbury Trucking Co., Inc.*, 185 B.R. 687, 690 (S.D.N.Y.1995); *In re Advanced Mining*

1. We also find that Appellants are unlikely to show that conversion of the case pursuant to section 1112(b)(1) was inappropriate. Counsel for Debtor explained what evidence he would present on the issue at the conversion hearing.

Nevertheless, Judge Flannagan rejected Debtor's argument, apparently in light of contrary evidence in the record indicating that the estate was losing value.

*Systems, Inc.,* 173 B.R. 467, 468 (S.D.N.Y. 1994). Several courts, however, have held that the fact that an appeal may be rendered moot without a stay does not itself constitute irreparable harm. *See In re Ba–Mak Gaming Intl., Inc.,* Civ.A. No. 95–1991, 1996 WL 411610, at \*2 (E.D.La.1996); *In re 203 North LaSalle St. Partnership,* 190 B.R. 595, 597 (N.D.Ill.1995); *In re Fairmont Communications Corp.,* No. 92 B 44861 (JLG), 1993 WL 428710, at \*3 (Bankr.S.D.N.Y.1993); *In re Moreau,* 135 B.R. 209, 215 (N.D.N.Y.1992); *In re Kent,* 145 B.R. 843, 844 (Bankr.E.D.Va. 1991); *In re Public Serv. Co. of New Hampshire,* 116 B.R. 347, 349–50 (Bankr.D.N.H. 1990); *In re Dakota Rail, Inc.,* 111 B.R. 818, 821 (Bankr.D.Minn.1990); *In re Charter Co.,* 72 B.R. 70, 72 (Bankr.M.D.Fla.1987); *In re Great Barrington Fair & Amusement, Inc.,* 53 B.R. 237, 240 (Bankr.D.Mass.1985); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr.S.D.Ohio 1984). Although the likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to the Appellants, we find that this factor is not dispositive in the instant action. Here, Debtor is insolvent and has been unable to develop a confirmable reorganization plan in two years. Accordingly, it is unclear exactly what debtor has to lose in a sale by the trustee. Debtor has not presented any information to the court to show that it would be in any better financial position under its proposed reorganization plan rather than a liquidation of its assets. Appellants simply have failed to show that they will suffer any significant harm in the absence of a stay.

### III. Potential Harm To Creditors.

Appellants reassert their same arguments on this point as in their original motion. No grounds for reconsideration are presented. Accordingly, the court will not alter its previous ruling that the creditors will suffer substantial harm if a stay of the bankruptcy proceedings pending appeal is granted.

The court need not address the potential of harm to the public given its rulings on the above issues.

IT IS THEREFORE ORDERED that Appellants' motion to reconsider (Doc. # 12) is denied.