IN RE: FUNDAMENTAL LONG
TERM CARE, INC., Debtor.

Fundamental Long Term
Care Holdings, LLC,
et al., Plaintiffs,

v.

Fundamental Long Term Care,
Inc., et al., Defendants.

Case No. 8:11–bk–22258–MGW
Adv. Pro. No. 8:13–ap–00929–MGW

United States Bankruptcy
Court, M.D. Florida.
Tampa Division

Signed March 25, 2014

Rod Anderson, Holland & Knight, Post Office Box 1288, 100 North Tampa Street, Suite 4100, Tampa, FL, for Rubin Schron, Defendant.

Steven M. Berman, Shumaker, Loop & Kendrick, LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL, for Trans Health Management, Inc., Beth Ann Scharrer, Trustee, Defendants.

Daniel R. Fogarty, Stichter, Riedel, Blain & Prosser, PA, 110 East Madison Street, Suite 200, Joanna Greber, Bennie Lazzara, Jr., Isaac R. Ruiz-Carus, Wilkes & McHugh PA, One North Dale Mabry Highway Suite 800, Tampa, FL, for Estate of Arlene Townsend, Estate of Elvira Nunziata, Estate of James Jones, Estate of Joseph Webb, Estate of Juanita Jackson, Estate of Opal Lee Sasser, Defendants.

Michael I. Goldberg, Gregory M. McCoskey, Akerman Setnerfitt, 401 E

Jackson Street, Suite 1700, Tampa, FL, for Fundamental Administrative Services, LLC, Fundamental Clinical Consulting, LLC, THI of Baltimore, Inc., Plaintiffs.

Lisa Markofsky, Proskauer Rose, LLP, 2255 Glades Road, Suite 421 Atrium, Boca Raton, FL, Paul V. Possinger, Proskauer Rose, LLP, Three First National Plaza, 70 West Madison, Suite 3800, Chicago, IL, for Fundamental Long Term Care Holdings, LLC, Leonard Grunstein, Murray Forman, Plaintiffs.

Patricia Redmond, Stearns Weaver Miller, 150 West Flagler Street, Suite 2200, Miami, FL, for Alan Grochal, Defendant.

Seth P. Traub, Shumaker Loop & Kendrick, LLP, 101 East Kennedy Boulevard, Suite 2800, Tampa, FL, for Beth Ann Scharrer, Trustee, Defendant.

Chapter 7

## ORDER DENYING MOTION FOR STAY PENDING APPEAL

Michael G. Williamson, United States Bankruptcy Judge

THIS PROCEEDING came on for consideration without a hearing on a Motion for Stay Pending Appeal filed by Fundamental Long Term Care Holdings, LLC; Fundamental Administrative Services, LLC; Fundamental Clinical Consulting, LLC; THI of Baltimore, Inc.; Murray Forman; and Leonard Grunstein (collectively, the Fundamental Entities").[1] This Court previously denied a motion for protective order filed by the Fundamental Entities.[2] In their motion for protective order, the Fundamental Entities asked the Court to excuse them from the obligation to file a privilege log in response to written discovery requests served by the Chapter 7 Trustee because the cost would be unduly burdensome.[3] The Fundamental Entities now ask the Court to stay its ruling that they are required to prepare a privilege log while they are appealing the Court's denial of their motion for protective order.[4]

In order to obtain a stay pending appeal of a bankruptcy court order, an appellant must satisfy four requirements: (i) a likelihood of success on the merits of the appeal; (ii) irreparable harm in the event the stay is not granted; (iii) lack of harm if a stay is granted; and (iv) entry of a stay will serve the public interest.[5] The Fundamental Entities do not satisfy any of those four criteria here.

*The Fundamental Entities do not have a substantial likelihood of success on the merits*

While the Fundamental Entities claim they have a substantial likelihood of success on the merits, they are unable to cite a single case where a court excused a party from preparing a privilege log. The Fundamental Entities do cite a handful of cases for the unremarkable proposition that courts have the discretion to manage discovery and a duty to filter out overly burdensome discovery requirements. But the closest they come to citing a case that permitted the relief they sought is the Southern District of New York's 1996 decision in *SEC v. Thrasher*.[6]

In *Thrasher*, the SEC requested that the defendant produce all documents re-

---

1. Adv. Doc. No. 61.

2. Adv. Doc. No. 23.

3. *Id.*

4. Adv. Doc. No. 61.

5. Fed. R. Bankr.P. 8005; *In re Charter*, 72 B.R. 70, 71–72 (Bankr.M.D.Fla.1987).

6. 1996 WL 125661, at *1 (S.D.N.Y.1996).

flecting any contacts between his attorneys and attorneys for other defendants in that case. Not surprisingly, the defendant objected to the request based on the attorney-client privilege and work-product doctrine. He also refused to provide a privilege log identifying each document between his attorneys and the attorneys for the other defendants. So the *Thrasher* court had to decide whether the defendant should be obligated to identify each document with specificity on a privilege log.

The *Thrasher* court initially recognized that a court may permit a party to identify documents by category on a privilege log or otherwise limit disclosure where (i) a document-by-document listing would be unduly burdensome; and (ii) the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the claim of privilege is well-grounded.[7] In applying that standard, the *Thrasher* court observed that the documents requested by the SEC were ordinarily covered by the attorney-client and joint-defense privilege or work-product doctrine.[8] On top of that, the documents requested were voluminous, and the defendant was concerned that disclosure of the pattern of his attorney's consultations with other counsel might reveal some aspects of his litigation strategy. By contrast, the SEC failed to explain any benefit from a document-by-document log; it simply argued it was entitled to one.[9]

Importantly, even though the *Thrasher* court ultimately determined it was appropriate to limit the disclosure on the privilege log, it did not permit the defendant to forgo all disclosure.[10] The defendant's at-torney had already filed an affidavit attesting to the fact that all of the documents in question reflected communications between defense attorneys and that all of the documents had been kept confidential. In addition to that, the *Thrasher* court required the defendant to further identify (i) the time period encompassed by the documents; (ii) a listing of all the authors and recipients of the documents; and (iii) a representation as to whether all of the documents were prepared to assist in anticipated or pending litigation or contained information between counsel and clients.[11] So even *Thrasher* does not stand for the proposition that a party should be permitted to forgo a privilege log simply because it is unduly burdensome.

The Fundamental Entities' reliance on *Thrasher* would be more compelling—even if not convincing—had they represented that the only documents they claim are privileged were already listed on a privilege log prepared by the state-court receiver for Trans Healthcare, Inc. ("THI Receiver"). If that were the case, then simply listing them a second time on a privilege log would provide minimal incremental benefit to the Trustee. But the Fundamental Entities do not make that claim here (nor do they claim the only documents that are privileged fall within categories this Court previously ruled are privileged).

In actuality, the Fundamental Entities—unlike the defendant in *Thrasher*—are not claiming any documents are privileged. What they are asking for is a waiver from producing documents based on privilege—without disclosing which documents they are not producing and the reasons for not

---

**7.** *Id.*

**8.** *Id.*

**9.** *Id.* at *2.

**10.** *Id.*

**11.** *Id.*

producing them—simply because "many or most" are identified on other privilege logs. Given that, the additional benefit to the Trustee almost goes without saying: she will be able to see (for the first time) which documents the Fundamental Entities are refusing to produce on the basis of privilege. Even if the cost of preparing a privilege log is substantial, that cost is far outweighed by the benefit disclosure provides to the Trustee.

Without a privilege log, how would the Trustee know what documents the Fundamental Entities are not producing? And without knowing which documents are not being produced, there is no way of knowing whether a privilege is properly being asserted. If the Court granted the Fundamental Entities the relief they sought, they would have become the sole arbiter regarding the applicability of the attorney-client and other privileges. This Court was not willing to do that, particularly considering the Fundamental Entities were unable to cite any case law supporting that relief. And the Court is unconvinced the district court will decide differently. Because they are unable to cite a single case excusing a party from preparing a privilege log (or otherwise disclosing all of the documents they are not producing based on privilege), the Fundamental Entities do not have a substantial likelihood of success on the merits.

*The Trustee will suffer irreparable harm if a stay is granted*

The second and third requirements for stay pending appeal essentially focus on the competing harms facing the parties. In order to obtain a stay, the Fundamental Entities must show that they will suffer irreparable harm if the stay is not granted and that no other parties will suffer substantial harm if a stay is granted. According to the Fundamental Entities, the cost of preparing a privilege log, when coupled with the other costs imposed by this litigation, is financially crippling to them and oppressive to their in-house staff. The Court, however, is not convinced the Fundamental Entities will suffer irreparable harm.

For starters, the basis of their estimated $100,000 cost to complete the privilege log is thin. The $100,000 estimate is based solely on the THI Receiver's estimate that his cost to prepare a 1,650–page privilege log will likely exceed $75,000. The Fundamental Entities do not say why their cost would be as much as the THI Receiver's if they are simply duplicating most of the entries, much less how their cost is projected to exceed the THI Receiver's by 33%. In any case, even if the Fundamental Entities will suffer some irreparable harm (and the Court is not convinced they will), they nevertheless are unable to demonstrate that no one else—namely, the Trustee—will suffer a substantial harm.

According to the Fundamental Entities, the Trustee will not suffer irreparable harm because "many or most" of the privileged documents will appear on someone else's privilege log. Even assuming that is true, it misses the point. The Fundamental Entities are implicitly conceding that not all of the documents they are refusing to produce are listed on someone else's privilege log. What about those documents? If the Court stays its ruling and the Trustee prevails on appeal (as is likely the case), it will almost certainly be for naught since the trial in this proceeding is scheduled for September. Given its heavy docket, it is unlikely the district court will be able to resolve this issue before trial—or, in the event the Trustee prevails, at least far enough in advance for the Fundamental Entities to prepare a privilege log before trial. And once a stay is entered, the Fundamental Entities have no incentive to diligently prosecute their appeal.

Potentially denying the Trustee discovery she is entitled to is without question a substantial harm.

Besides, there is an easy solution to the Fundamental Entities' concern. If many or most of the documents are already on the THI Receiver's privilege log, the Fundamental Entities could begin identifying documents that are not on that privilege log (or someone else's). That will reduce the costs they incur while the appeal is pending. And if they are ultimately unsuccessful on appeal, they will not have wasted time duplicating information already available to the Trustee.[12] Given that there is an easy way for the Fundamental Entities to avoid irreparable harm, but no way for the Trustee to do so, the balance of harms weighs in favor of denying the stay.

### The Fundamental Entities do not identify any public interest that is promoted by a stay

According to the Fundamental Entities, this district has never addressed whether a party may be excused from preparing a privilege log. One reason for that may be that it is highly unusual for a party to seek that relief. Nonetheless, it may promote the public interest, as the Fundamental Entities suggest, to have the district court consider that issue. But that is different than the issue this Court must consider: whether a stay will serve the public interest. The Fundamental Entities do not cite any public interest in staying a party's obligation to disclose the existence of privileged documents (and the basis for the claim of that privilege, on the one hand, and potentially denying a party discovery she is entitled to, on the other hand).

### Conclusion

There really is no reason to think the Fundamental Entities will succeed on their appeal. And even if there were some basis for that, the balance of the harms nevertheless weighs against granting a stay of this Court's ruling requiring the Fundamental Entities to prepare a privilege log. Accordingly, it is

**ORDERED** that the Motion for Stay is DENIED.

---

12. Presumably the Fundamental Entities are aware of which documents are not identified on other privilege logs; otherwise, there would be no basis for the statement that "many or most" of the documents they would identify are listed elsewhere.